[Crim. No. 5915.   Second Dist., Div. Two.   Jan. 17, 1958.]

THE PEOPLE, Respondent, v. TONY GARCIA MARTINEZ, Appellant.

Ernest L. Graves, under appointment by the District Court of Appeal, for Appellant.

Edmund G. Brown, Attorney General, and Elizabeth Miller, Deputy Attorney General, for Respondent.

FOX, Acting P. J.—The defendant was convicted of the unlawful possession of heroin. (Health & Saf. Code, § 11500.) An allegation of a prior conviction for the same offense was found to be true. He has appealed from the judgment.

At about 12:15 p. m. on October 8, 1956, Deputy Sheriff Robert Nichols received information from a confidential informant that a narcotics party was in progress at 816 North Cordova, East Los Angeles. Deputy Nichols had received information from the same informant once before, the information resulting in the arrest and conviction of two narcotics addicts. Deputy Nichols proceeded to the above address accompanied by Deputy Wilson, Deputy Stoops and Sergeant Cook. The officers arrived at about 3:15 p. m. and went directly into the back yard. Upon entering the back yard Nichols observed defendant kneeling on the ground near an old cushion from a couch. Three other men were near defendant, two standing and the third leaning against an automobile. Deputy Nichols approached defendant and began to question him concerning narcotics. Nichols also examined defendant's wrists and arms, and observed fresh puncture wounds upon both hands. He then arrested defendant for suspicion of violating section 11500, Health and Safety Code.

Deputy Wilson turned over the cushion lying on the ground near defendant and Deputy Nichols observed a rubber finger stall in the dirt. Wilson picked it up and, in the presence of Deputies Nichols and Stoops and Sergeant Cook, questioned defendant about it. In reply to one of the questions defendant stated, "That junk is mine." The officer then asked defendant how much was in it and defendant replied, "15 caps." Deputy Nichols emptied the contents of the finger stall and counted 15 capsules which were later found to contain heroin.

At the trial defendant testified that the marks on his right hand were from a tattoo. He denied seeing any heroin and denied telling the officers that the "junk" was his or that the finger stall contained 15 capsules.

Defendant's initial contention is that the statements he made to the officers constituted a confession and that the trial court erred in receiving it into evidence because the prosecution had failed to lay an adequate foundation for its admission. Assuming, *arguendo*, that the statements did constitute a confession, defendant's contention is nevertheless without merit. In *People* v. *Byrd*, 42 Cal.2d 200 [266 P.2d 505], the defendant contended that recordings of certain

statements he made constituted confessions and were admitted in evidence without any foundation being laid concerning the voluntary character thereof. The court noted (p. 210) that "when these tape recordings were offered in evidence defendant made no objection that a proper foundation had not been laid or that the contents thereof were made involuntarily; and on this appeal defendant has been unable to support such a claim by any evidence in the record. It would appear that a proper objection at the time of trial could have been met by the prosecution, for there is ample support in the record before us that the confessions were voluntary, and there is no evidence which would justify a contrary finding." The court's ruling in the Byrd case is apposite here. Before relating defendant's statements, Deputy Nichols testified that they were "freely and voluntarily" made; defendant neither objected to this testimony, nor sought further foundation by the prosecution, nor cross-examined the officer as to the circumstances surrounding the making of the statements. Nor did defendant object when Deputy Nichols proceeded to testify as to the content of the incriminating statements which the former made. The fact that defendant made the statements in the presence of the four officers and three men who were in the back yard, coupled with the fact that defendant never even intimated in his testimony that any of his statements were made involuntarily, indicates that the prosecution could easily have met any objection which defendant might have made. And there is no evidence in the record to support a claim to the contrary. Under these circumstances it is clear that the defendant may not now impeach the voluntary character of his statements. (*People* v. *Byrd, supra.*)

Defendant also argues that there is no showing that his statements were made "without previous inducement and that neither duress nor intimidation caused the defendant to furnish such evidence against himself." In other words, it is the defendant's contention that the absence of previous inducement and duress is not included within the meaning of the phrase "free and voluntary" and that such absence must be shown in order for a proper foundation to be laid for the introduction of a confession. It is clear, however, that the absence of inducement and duress is included within the meaning of the words "free and voluntary." In *People* v. *Siemsen*, 153 Cal. 387, 394 [95 P. 863], the court observed that "a confession, in order to be admissible, must be free

and voluntary, that is, must not be extracted by any sort of threats or violence, nor obtained by any direct or implied promises, however slight, nor by the exertion of any improper influence.'' Moreover, the holding in the Byrd case makes it clear that defendant cannot now question the admission of his statements in any event.

There is likewise no merit in defendant's contention that the trial court erred in admitting Deputy Nichols' testimony concerning the voluntary character of defendant's statements because such testimony amounted to a conclusion of the witness. A statement by a witness that a confession was made ''freely and voluntarily'' is not objectionable as a conclusion of the witness. (*People* v. *Goldenson*, 76 Cal. 328, 350 [19 P. 161] ; see also annot., 114 A.L.R. 974.) In *People* v. *Berg*, 96 Cal.App. 430, 441 [274 P. 433], the court stated: ''A statement made by appellant in the form of question and answer, taken down in shorthand and transcribed before the trial, was exhibited to a witness who had heard the questions asked and answered, and he was asked whether the answers were 'free and voluntary.' The question was objected to on the ground that it called for a conclusion of the witness, and the same point is now made here. The objection was not good. It is the constant and proper practice to ask such a question as a part of the foundation for the reception in evidence of confessions made by those charged with crime, although technically it does call for the statement of a conclusion. The recognized practice, after such a question is answered in the affirmative, is for the defendant to show, by a cross-examination which he may at once conduct, the entire circumstances surrounding the making of the confession.'' Deputy Nichols' testimony was therefore properly considered by the court.

The judgment is affirmed.

Ashburn, J., and Kincaid, J. pro tem.,* concurred.

---

*Assigned by Chairman of Judicial Council.