[Crim. No. 3814. First Dist., Div. Two. Feb. 16, 1961.]

THE PEOPLE, Respondent, v. VIRGIL PENDARVIS, Appellant.

William Coverdale, under appointment by the District Court of Appeal, for Appellant.

Stanley Mosk, Attorney General, Arlo E. Smith and John S. McInerny, Deputy Attorneys General, for Respondent.

KAUFMAN, P. J.—Defendant appeals from a judgment rendered on a jury verdict finding him guilty of forging and uttering a prescription for a narcotic in violation of section 11715 of the Health and Safety Code. On appeal, it is argued that the evidence is insufficient to sustain the verdict; that the trial court failed to make a preliminary determination as to the voluntariness of a confession introduced at the trial; that the introduction of the confession was a violation of due process of law; that he was deprived of due process; that the trial court erroneously permitted allusions to the defendant's prior criminal conduct and prior arrest, and erred in its instructions to the jury.

The record reveals the following facts: On December 2, 1959, the defendant entered the Alta Drug Company at Oak and

Fillmore Streets in San Francisco and cashed a prescription for 50 percodan tablets. The prescription was on a blank of the Southern Pacific Hospital, made out to Lucille Hoagg and signed with the name and registry number of Dr. George Rogers, 1400 Fell Street, San Francisco. Dr. Rogers testified that he did not write the prescription, had no connection with the Southern Pacific Hospital, had never had a patient by that name and never had an office on Fell Street. He further testified that percodan was a narcotic. On December 7, 1959, the defendant was arrested for violation of section 11715 of the Health and Safety Code, and orally confessed to Inspector Warner of the State Bureau of Narcotics Enforcement that he had written the prescription himself. Two days later, in the presence of two inspectors, the defendant made a full written confession. The prosecution's handwriting expert testified that the handwriting on the prescription and the written confession, was that of the same person.

At the trial, the defendant denied forging the prescription. He admitted having a general knowledge of narcotics. He stated that as he was driving home on the date in question, he happened to see a casual acquaintance named Lucy on Fillmore Street. She waved to him and motioned him to stop. After he did so, she asked him to drop her at the druggists and told him she had just gotten out of the hospital. When they reached the drugstore, she asked him to go into the drugstore for her and gave him the prescription and the money. He returned a few minutes later, gave her the pills and change, and then dropped her at Haight and Fillmore Streets. He did not know Dr. Rogers or anything about the contents of the prescription.

The first argument on appeal is that the People failed to establish that percodan, the subject matter of the forged prescription, was in fact a narcotic. The only evidence presented on this point was the testimony of Dr. Rogers, who had been a practicing physician for 30 years. Dr. Rogers testified that "percodan" was the trade name for a complicated compound in which codenone was the principal ingredient. He further stated that codenone was related very closely to codeine, chemically and physiologically. He also testified that codenone was a narcotic.

Section 11715 of the Health and Safety Code provides: "Every person who forges or alters a prescription or who issues or utters an altered prescription, or who issues or utters a prescription bearing a forged or fictitious signature for any

narcotic, or who obtains any narcotic by any forged, fictitious, or altered prescription, or who has in possession any narcotic secured by such forged, fictitious, or altered prescription, shall for the first offense be punished by imprisonment in the county jail for not less than six months nor more than one year, or in the state prison for not more than six years, and for each subsequent offense shall be imprisoned in the state prison for not more than ten years.''

Section 11001 [subd. (d)] of the Health and Safety Code defines codeine as a narcotic.

Section 11002 further provides that '' 'Narcotics,' as used in this division, also means any of the salts, derivatives, *or compounds of a narcotic or any preparation or compound containing a narcotic or its salts, derivatives or compounds.*'' [Emphasis supplied.] We think the above described testimony of Dr. Rogers adequately establishes that ''percodan'' is a compound containing a narcotic under the statute. (*Cf. People* v. *Kaluna,* 168 Cal.App.2d 34 [335 P.2d 246].)

Defendant next argues that the trial court committed prejudicial error in failing to make a preliminary finding that his written statement was a voluntary confession. In outlining the procedural steps for admission of confessions, our Supreme Court stated in *People* v. *Gonzales,* 24 Cal.2d 870, 876 [151 P.2d 251]:

''. . . At the time the confession is offered, it is incumbent on the prosecution to lay the foundation for its introduction by preliminary proof showing that it was freely and voluntarily made. (*People* v. *Soto,* 49 Cal. 67; *People* v. *Miller,* 135 Cal. 69 [67 P. 12].) Before the confession is received, however, the defendant if he requests it must be accorded the opportunity to introduce evidence to overcome the prima facie showing, and if incrimination is dependent upon the confession a refusal of the court to permit such opportunity may constitute prejudicial error. . . .'' ▆ Inspector Warner testified that the defendant made the statement freely and voluntarily so that a proper foundation was laid. (*People* v. *Grace,* 166 Cal.App.2d 68 [332 P.2d 811].) ▆ The defendant testified that the officers told him they would make it hard on him if he did not write the statement as they dictated it. Thus, there was conflicting evidence on the point so that the matter was properly left to the jury. (*People* v. *Grace, supra,* p. 72.)

▆ Even though a trial court fails to consider a defendant's testimony prior to ruling on the voluntariness of the confession, the procedure is not prejudicial if a review of the

evidence as to the confession discloses that the trial judge would nevertheless have admitted the confession if he had first heard the defendant's version of it. (*People* v. *Williams*, 187 Cal.App.2d 143 [9 Cal.Rptr. 540].) ▮ Furthermore, the record indicates that when the statement was introduced into evidence, the defendant made no objection that a proper foundation had not been laid or that the contents thereof were made involuntarily. There is authority for the proposition that such objections are waived if not taken at the proper time. (*People* v. *Byrd*, 42 Cal.2d 200, 210 [266 P.2d 505]; *People* v. *Martinez*, 156 Cal.App.2d 780, 781 [320 P.2d 534]; *People* v. *Gonzales*, 24 Cal.2d 870 [151 P.2d 251].)

The next argument is that there was a violation of due process because before the defendant signed the written confession, he was not advised of his constitutional rights as to representation by counsel. A similar contention was rejected by the United States Supreme Court in *Crooker* v. *California*, 357 U.S. 433 [78 S.Ct. 1287, 2 L.Ed.2d 1448], a case somewhat more compelling on its facts than this one, since the defendant there requested and was refused counsel.

▮ Under this case, the defendant was not deprived of due process. Rather, the fact that the confession was made without the advice of counsel was a factor to be considered by the jury in determining whether the confession was voluntary. (*People* v. *Grace*, 166 Cal.App.2d 68, 71, 74 [332 P.2d 811].)

Defendant next argues that the confession was coerced and involuntary because the officers told him on December 9, when he signed the statement that he had already been positively identified by the pharmacist. ▮ A deception will not render a confession inadmissible unless the misrepresentations are of such a nature as would probably result in untrue statements. (*People* v. *Thompson*, 133 Cal.App.2d 4 [284 P.2d 39].)

▮ It would not appear that the deception relating to the identification by the druggist is of such a nature as would lead to an untrue statement. The pharmacist testified that he made the identification some time in January. Defendant also attaches great significance to the fact that at the time the confession was made, he was incarcerated on other charges which were subsequently dismissed. The indictment in the instant case was filed on December 17; he was arraigned on December 30. ▮ However, as pointed out in the Crooker case, *supra*, the bare fact of police detention does not render the confession involuntary. ▮ Even if it is assumed that because of these other charges, the defendant had a special

motive for confessing to the forging of the prescription in this case, such special motive does not prevent the confession from being voluntary in the sense decisive of admissibility. (*Stein* v. *New York*, 346 U.S. 156, 186 [73 S.Ct. 1077, 97 L.Ed. 1522].)

 The next argument is that the trial court committed prejudicial error by permitting the prosecution to allude to his prior conviction and arrest. The first argument is directed to a question asked on cross-examination. After asking the defendant whether he knew what heroin was, and receiving an affirmative answer, the district attorney asked: "You were a heroin user up to the time that . . ." Defendant argues that this question was a violation of section 1025 of the Penal Code as he had admitted the prior convictions charged by the indictment out of the presence of the jury. The question was asked here to show defendant's knowledge which was an element of the offense. If evidence is material and relevant in the proof of crimes charged, section 1025 does not bar its admission, even though it may incidentally disclose the commission of another crime. (*People* v. *Copeland*, 169 Cal. App.2d 713, 716 [338 P.2d 1].) Actually, the question here complained of does not allude to defendant's prior convictions as these were for the sale of narcotics, not the use. While the question may be erroneous, this was not such error as to be prejudicial. The record shows that the trial court sustained defendant's objection to the question. Reversible error does not flow from an irrelevant question nipped in the bud by a sustained objection. (*People* v. *Ramsey*, 172 Cal.App.2d 266 [342 P.2d 287].) Furthermore, the record indicates that the judge admonished the jury in his instructions to disregard questions to which an objection has been sustained and to disregard any inferences drawn therefrom. It must be assumed that the jury heeded this admonition. (*People* v. *Flores*, 113 Cal.App.2d 813 [249 P.2d 66].)

The second argument is directed to the testimony of Agent Chasten, who testified that the defendant was under arrest at the time he interviewed him to obtain a handwriting exemplar. It is argued that this testimony was highly prejudicial as it served no other purpose than to infer to the jury that the defendant was under arrest before the time he was accused of the present crime. The record discloses that the defendant did not object to these questions at the time of the trial. It is a general rule in this state that questions not raised in the trial court will not be considered on

appeal. (*People* v. *Kitchens*, 46 Cal.2d 260 [294 P.2d 17].)
Furthermore, the record shows that the defendant in his own testimony, which preceded that of Agent Chasten, alluded to the same period of detention which Agent Chasten mentioned. Thus, at best, the matter is one of invited error.

The final argument is that the court's instruction as to the definition of a narcotic was misleading and prejudicial. The record, however, shows that the court properly instructed the jury in terms of the statutory provisions that the term narcotic included codeine and any salt derivative or compound of codeine or any preparation or compound containing codeine or the salt derivative or compound thereof. Furthermore, the record does not indicate that the defendant objected to the instruction at the time it was given or offered any other instructions on the matter.

No prejudicial error appearing, the judgment must be and is hereby affirmed.

Draper, J., and Shoemaker, J., concurred.