[Crim. No. 8774. Second Dist., Div. One. Dec. 2, 1963.]

THE PEOPLE, Plaintiff and Respondent, v. JIMMY LEE BROWN, Defendant and Appellant.

Louis D. Dale, under appointment by the District Court of Appeal, for Defendant and Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Lawrence R. Tapper, Deputy Attorney General, for Plaintiff and Respondent.

FOURT, J.—This is an appeal from a judgment of conviction of the crime of robbery. By information filed in Los Angeles County on July 13, 1962, defendant was charged with armed robbery (Pen. Code, § 211). He also was charged with having suffered four prior felony convictions.

Defendant pleaded not guilty to the charge of robbery as contained in the information and admitted two of the charged prior convictions (the latest of which was of nine counts of first degree robbery); the remaining two charges of prior convictions were stricken. Defendant was found guilty of robbery by a jury but it was also found that he was not armed. Motion for a new trial was denied, probation was denied and defendant was sentenced to the state prison for the term prescribed by the law.

Defendant properly does not question the sufficiency of the evidence to support the conviction, for the evidence against him is overwhelming. The one issue presented on this appeal can be stated as follows: In a situation where the prosecution, during its case in chief, seeks to introduce a purported confession of a defendant and where the defendant objects to the introduction of the purported confession on the ground that it was involuntary (the result of physical beatings with a sap) and where the trial judge refuses to hear

the matter outside the presence of the jury[1] and where the defendant, during the prosecution's case in chief, takes the witness stand as his own witness on *voir dire* examination for the limited purpose of showing that the purported confession was obtained as the result of physical abuse, is the prosecution then entitled to impeach defendant on the *voir dire* cross-examination by showing that he has suffered two prior felony convictions?

The Attorney General concedes that the defendant testified during the *voir dire* examination for the sole purpose of attempting to show that the purported confession was obtained by police coercion. However, it is asserted that there is no logical distinction between the situation presented in the case at bar and the situation were a defendant takes the stand to present his own defense of the case in chief.

██ Before a confession may be used against a defendant the People have the burden of showing that it was voluntary and not the result of any form of compulsion. (*People* v. *Trout*, 54 Cal.2d 576 [6 Cal.Rptr. 759, 354 P.2d 231, 80 A.L.R.2d 1418]; *People* v. *Lindsey*, 188 Cal.App.2d 471 [10 Cal.Rptr. 488]; *People* v. *Montano*, 184 Cal.App.2d 199 [7 Cal.Rptr. 307].) ██ The testimony of a single witness that defendant's statements were free and voluntary is sufficient to qualify a confession. (*People* v. *Pendarvis*, 189 Cal.App.2d 180 [10 Cal.Rptr. 923]; *People* v. *Martinez*, 180 Cal.App.2d 690 [4 Cal.Rptr. 829]; *People* v. *Pongetti*, 72 Cal.App.2d 749 [165 P.2d 479].) ██ The trial court must afford defendant an opportunity to show that the purported confession was the result of compulsion. (*People* v. *Williams*, 187 Cal.App. 2d 143 [9 Cal.Rptr. 540]; *People* v. *Schindler*, 179 Cal.App. 2d 584 [3 Cal.Rptr. 865].)

██ When the defendant takes the stand and testifies in an attempt to show that a purported confession was involuntary, the trier of fact must make a determination of credibility. Whether a defendant who testifies has suffered prior

---

[1]While we are of the opinion that it would be more proper for the trial court to make the preliminary determination of whether a confession is voluntary out of the presence of the jury, the Supreme Court has held that the trial " court is not required to receive evidence out of the hearing of the jury for the purpose of determining preliminarily the question of admissibility." (*People* v. *Gonzalez*, 24 Cal.2d 870, 877 [151 P.2d 251].) We are bound to follow the rule. (*Auto Equity Sales, Inc.* v. *Superior Court*, 57 Cal.2d 450, 456 [20 Cal.Rptr. 321, 369 P.2d 937].)

felony convictions is material and has direct bearing on his credibility.

■ It is well established that a defendant who chooses to take the witness stand in a criminal action thereby subjects himself to impeachment by proof of a prior felony conviction. The rule is not different where the defendant has admitted the prior conviction out of the presence of the jury in pleading to the indictment or information notwithstanding the provisions of section 1025 of the Penal Code. (*People* v. *Pike*, 58 Cal.2d 70 [22 Cal.Rptr. 664, 372 P.2d 656], cert. denied, 371 U.S. 941 [83 S.Ct. 324, 9 L.Ed.2d 277]; *People* v. *Cobb*, 45 Cal.2d 158 [287 P.2d 752]; *People* v. *Williams*, 27 Cal.2d 220 [163 P.2d 692]; *People* v. *Stinson*, 214 Cal.App.2d 476 [29 Cal.Rptr. 695]); *People* v. *Bagley*, 208 Cal.App.2d 482 [25 Cal.Rptr. 340]; *People* v. *Burch*, 196 Cal.App.2d 754 [17 Cal.Rptr. 102]; *People* v. *DeGeorgio*, 185 Cal.App.2d 413 [8 Cal.Rptr. 295].)

The judgment is affirmed.

Wood, P. J., and Lillie, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied January 29, 1964. Peters, J., was of the opinion that the petition should be granted.