[Crim. No. 10167.   Second Dist., Div. Two.   Oct. 11, 1965.]

THE PEOPLE, Plaintiff and Respondent, v. GERALD EDWARD GARROW, Defendant and Appellant.

Herbert D. Sturman, under appointment by the District Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Robert P. Samoian, Deputy Attorney General, for Plaintiff and Respondent.

FLEMING, J.—Gerald Edward Garrow was convicted of lewd conduct with a child (Pen. Code, § 288) and of burglary in the first degree (Pen. Code, § 459), and sentenced to prison on the burglary conviction. He has appealed from a denial of his motion for a new trial, but since that is not an appealable order (Pen. Code, § 1237), we have treated his appeal as one from the judgment. (*People* v. *Nunn*, 223 Cal.App.2d 658, 659, n. 1 [35 Cal.Rptr. 884].)

Defendant's contentions on appeal are that statements by him after his arrest were received in evidence without a proper hearing on voluntariness, and without a showing that at the time of their making he had been advised of his constitutional rights.

*Facts*

On February 14, 1964, Debra Ann, a 9-year-old child, returned home from school during the noon hour because she had forgotten her lunch money. Her house was locked, and she was unable to find the key normally concealed in the back yard. After a period of indecision she saw Garrow in the front yard, who offered to help her get into the house. Garrow opened a sliding window at the back of the house, and Debra climbed in through the window. Calling through the window, Garrow asked Debra for a glass of water. She opened a sliding glass door, and he entered the house, drank the glass of water,

put his hand over Debra's mouth, pushed her into the bedroom, opened a pocket knife, and commanded Debra to take her clothes off. After she complied, he molested her sexually, tied her up, and left the premises.

Within a few minutes Debra made her way to a neighbor's house, and the police were summoned. After she gave the police a description of her assailant, Garrow was picked up about 1:15 p.m. 2 blocks from the scene of the attack. He said he was a magazine salesman and had been soliciting in the area during the morning. He denied approaching or entering Debra's house. Garrow was returned to the scene, and Debra asked to identify him, which she did. He was then arrested and taken to the sheriff's station.

Considerable technical evidence was introduced against Garrow at the trial. A police technician testified that fingerprints on the sliding door at the rear of the house were Garrow's. Dog hairs on Garrow's clothing were similar to hairs from the dog in the house. Red and blue fibers from Garrow's jacket were similar to fibers removed from the surface of the bed in the bedroom. Garrow's knife blade had deposits of copper, synthetic fiber, and plastic, similar to the composition of a telephone wire which had been cut at the scene of the crime.

The prosecution also offered in evidence statements by Garrow after his arrest. Objection was made to their admission, and on *voir dire* a police officer, Deputy Dewyer, testified in the presence of the jury that Garrow had made the statements freely and voluntarily. Since the testimony of a single witness that a defendant's statements were voluntary is sufficient basis for their admission in evidence (*People* v. *Brown,* 222 Cal.App.2d 739, 741 [35 Cal.Rptr. 582]), the foundation for their receipt was properly laid. However, defense counsel then sought to call the defendant as a witness on *voir dire.* The court refused permission, but stated that the defendant could testify on the subject at a later time.

Deputy Dewyer then testified to a conversation he had had with Garrow about 5 p.m. at the sheriff's station on the afternoon of the arrest. He said, ''I advised the defendant that we had called the photographer out for fingerprints and the crime lab. out for any other type physical evidence which may be obtained. The defendant stated at that time that he had possibly been to the house, knocked on the door, and as no one answered had gone around to the back of the house, and may have put his hand up against the window while looking to see if anyone was home.'' The defendant continued to deny,

however, that he had entered the house. He also denied he had committed any offense.

The jury returned a guilty verdict, and this appeal followed.

### Failure to Allow the Defendant to Testify During Voir Dire Was Harmless Error

Garrow urges that the failure of the trial court to permit him to testify prior to the court's ruling on the admissibility of his statements, constituted reversible error. The procedure used in this case was similar to that disapproved in *People* v. *Williams,* 187 Cal.App.2d 143, 146-147 [9 Cal.Rptr. 540], where the reviewing court held it had been error to deny defendant an opportunity to testify on *voir dire* that his confessions had been coerced. Such refusal may constitute prejudicial error (*People* v. *Gonzales,* 24 Cal.2d 870, 876 [151 P.2d 251]), but it need not do so if a review of all the evidence discloses that the trial court would have admitted the confession anyway, even had it first heard defendant's version of its making. (*People* v. *Williams,* 187 Cal.App.2d 143, 147 [9 Cal.Rptr. 540].)

In the case at bench, Garrow subsequently took the stand in his own defense and testified he had initially refused to discuss the case with the police because of a rule of his parole officer that he should make no statements without a lawyer present. No testimony on coercion was given by defendant, and the substance of his testimony was similar to the statements attributed to him by Deputy Dewyer. We do not think the trial court would have excluded these admissions as involuntary had it heard defendant testify contemporaneously with their tender in evidence rather than at a later time. (*People* v. *Appleton,* 152 Cal.App.2d 240, 245 [313 P.2d 154]; Cal. Const., art. VI, § 4½.) Hence the error was not prejudicial. (*People* v. *Williams,* 187 Cal.App.2d 143, 147-151 [9 Cal.Rptr. 540].)

Defendant contends it was prejudicial to conduct the *voir dire* examination in the presence of the jury. But since we have determined that his statements were properly classified by the trial judge as voluntary, the jury was entitled to hear the circumstances of their making in order to reach its own determination on the issue of voluntariness. (*People* v. *Gonzales,* 24 Cal.2d 870, 877 [151 P.2d 251].)

### No Prejudice Resulted From the Use of Defendant's Admissions

Defendant next argues that his admissions were improperly received in evidence because there had been no showing he

had been advised at the time of their making of his right to counsel and his right to remain silent. (*People* v. *Dorado,* 62 Cal.2d 338 [42 Cal.Rptr. 169, 398 P.2d 361].)

Three and one-half hours after his arrest Garrow admitted for the first time during a conversation with Deputy Dewyer at the sheriff's station that he might have been on the premises when the attack occurred. This concession came about after Garrow had been told by Dewyer that the crime laboratory had been summoned to the scene of the attack. This statement by the deputy sheriff was clearly designed to elicit a response from Garrow based on apprehension that incriminating physical evidence might be found on the scene.

Was this a process of interrogations by the police to secure incriminating statements from the accused during the accusatory stage? ▇▇ The test is an objective one based on such factors as "... the length of the interrogation, the place and time of the interrogation, the nature of the questions, the conduct of the police and all other relevant circumstances." (*People* v. *Stewart,* 62 Cal.2d 571, 579 [43 Cal.Rptr. 201, 400 P.2d 97].)

▇▇ In our view the purpose of this late-afternoon questioning was not to secure an explanation of what had happened but to smoke out incriminating admissions from the accused. Such admissions were forthcoming. The investigation of the crime had reached the accusatory stage, and the trial court erred in receiving in evidence any admissions of defendant without proof that he had been informed of his right to counsel and his right to remain silent.

However, under the Constitution we are not to set aside a judgment for improper admission of evidence unless, from an examination of the entire cause, we are of opinion that the error produced a miscarriage of justice. (*People* v. *Hillery,* 62 Cal.2d 692, 712 [44 Cal.Rptr. 30, 401 P.2d 382]; Cal. Const., art. VI, § 4½.) Here, defendant's admission consisted of his statement that he might have gone to the rear of the house and placed his hand on the door. This event was independently proved by defendant's fingerprints on the door, by the testimony of Debra, and by a wealth of scientific proof that defendant had been at the scene of the crime. In our opinion it is not reasonably probable that a result more favorable to the defendant would have been reached had his admission been excluded from evidence. (*People* v. *Watson,* 46 Cal. 2d 818, 836-837 [299 P.2d 243]; *People* v. *Hillery,* 62 Cal.2d 692, 712-713 [44 Cal.Rptr. 30, 401 P.2d 382].)

The purported appeal from the order denying defendant's motion for a new trial is dismissed.

The judgment is affirmed.

Roth, P. J., and Herndon, J., concurred.

A petition for a rehearing was denied October 27, 1965, and appellant's petition for a hearing by the Supreme Court was denied December 8, 1965.