[Crim. No. 2232.   Third Dist.   Dec. 8, 1950.]

In re JOHN E. O'MALLEY, on Habeas Corpus.

Thomas O'Hara for Petitioner.

Fred N. Howser, Attorney General, Gail A. Strader, Deputy Attorney General, for Respondent.

ADAMS, P. J.—Petitioner, seeking his release from imprisonment in the California State Prison at Represa, filed herein a petition for a writ of habeas corpus, which writ was issued.   A return thereto was filed, and questions of fact being raised thereby, the Honorable Raymond T. Coughlin, a judge of the Superior Court of Sacramento County, was appointed referee to take testimony regarding same.   The report and findings of said referee have now been filed, and the cause submitted for determination.

The transcript of the hearings before the referee, and his findings, reveal the following:   Petitioner was convicted in the Superior Court of Los Angeles County, and was received at the prison on June 5, 1931, under sentence of one to fourteen years.   On August 16, 1935, he was granted a parole, and his parole and sentence were both fixed to expire on March 5, 1936.   Under the terms of the parole he was permitted to leave California and take up his residence in the State of New York, it being provided that his monthly reports should be made to a parole officer of that state, in New York City.   O'Malley accepted employment with one McConnell in Brooklyn, New York, but on or about September 1, 1935, this employment was terminated with the consent of the parole officer of New York to whom petitioner made his report, and

said officer assisted him in securing employment as a ship's cabin boy with the Colonial Steamship Company, operating between New York and ports in New England. Since in the course of such employment petitioner would necessarily be absent from the city of New York for periods sometimes extending to two weeks, it was arranged with the New York parole officer, on the latter's suggestion, that O'Malley should execute monthly report forms in advance covering the balance of his term, said forms to contain an estimate of his expected earnings and expenditures.

On or about March 25, 1936, after the date upon which O'Malley's parole and term were fixed to expire, he was arrested in Newton, Massachusetts. The Chief of Police of Newton advised the warden of the prison at Represa, and asked if O'Malley was wanted by California authorities. Mr. Coxe, the California State Parole Officer, answered and advised the Newton chief of police that petitioner had violated his parole by leaving his place of employment in New York without the permission of the New York State Parole Department, but suggested that the prisoner be prosecuted in Massachusetts, and, if found guilty, be committed to the Massachusetts penitentiary with which the California authorities would then lodge a detainer and effect his return to California as a parole violator upon completion of his term in Massachusetts. On April 8, 1936, the Newton chief of police wrote to Mr. Coxe that O'Malley had been convicted and sentenced to serve one year in the House of Correction, but that an appeal had been taken from such judgment; and that if a warrant of detainer were sent to the writer he would lodge it against petitioner. This was not done.

On June 23, 1936, the warden of the state prison at Charlestown, Massachusetts, wrote Mr. Coxe advising that O'Malley had been committed to that institution on May 8, 1936, for a term of five to seven years. Mr. Coxe, in reply to that communication dated June 23, 1936, stated that O'Malley was on the California records as a delinquent parole violator by reason of his "having failed to submit his monthly reports, and it is not our desire to return him to this state at the completion of his sentence, but should he be apprehended at any time within the confines of the State of California he shall be returned to Folsom Prison." The record also contains statements of O'Malley, which were not refuted, that, while he was convicted on the charge in Massachusetts, the

judgment was reversed on appeal, and he was allowed compensation for the time served and the costs of his trial.

In the meantime, and on November 29, 1935, the California Board of Prison Terms and Paroles had made a minute order revoking the parole of petitioner, among others, for failure to submit his required monthly report "in accordance with Rule VI of his ticket of leave," and it was ordered that he "be retaken and returned to actual custody to abide the further order of the Board." It does not appear that at that time any change was made in the previous order of the board fixing the date of the expiration of O'Malley's sentence as March 5, 1936; and there is no evidence, other than above stated, as to what were the conditions of O'Malley's parole, or of what rule VI provided.

In December, 1948, petitioner was convicted of a misdemeanor in Santa Barbara County, California, and sentenced to the county jail; and in May, 1949, he was convicted of a misdemeanor in Pasadena Municipal Court and sentenced to serve 180 days in the Los Angeles County Jail. On completion of the latter sentence O'Malley was returned to Folsom, charged with violation of his parole. Revocation of parole was then ordered, and his sentence was refixed at the maximum of 14 years, his credits earned being forfeited.

The referee's report states that O'Malley's testimony regarding his dealings with the parole officer of New York as set forth hereinbefore, is without corroboration but is likewise without impeachment or denial; and he concluded that there was no substantial evidence that petitioner violated his parole. Petitioner introduced a letter written by him on March 11, 1949, to the parole officer of the city of New York, asking his version of what transpired, and a reply by the chief parole officer of the state of New York which merely referred the prisoner to the California parole officers for information. The referee at the close of the hearing asked petitioner's counsel to communicate with the New York parole authorities for their version, which was done; but he, also, was advised that any information thus obtained would have to be authorized by the California parole authorities. Later two letters from the Division of Parole of the State of New York were presented to the referee by respondent, but they stated only that "There is nothing to substantiate the parolee's claim that he had employment with the Colonial Steamship Lines with the approval of the parole officer," and that "we do not find any evidence that Mr. Dorsey (New York parole officer) granted

the parolee permission to accept employment as cabin boy with the Colonial Steamship Lines.'' Neither an affirmance nor a denial of O'Malley's testimony was made by Parole Officer Dorsey, nor does it appear that he was consulted.

Upon the filing with this court of the report and findings of Judge Coughlin the cause was set down for hearing before us. No objections to the report or findings were filed, and the cause was submitted without argument.

We have read the record of the proceedings before the referee, and are in accord with his conclusion. Section 3063 of the Penal Code provides that no parole shall be suspended or revoked without cause; and respondent has presented no evidence showing cause for the revocation of petitioner's parole in November, 1939, and a search of the prison records was made. We conclude that there was no such cause, and that petitioner's parole and sentence expired on the date set, to wit, March 5, 1936.

It follows that the prisoner should be discharged and it is so ordered.

Peek, J., and Van Dyke, J., concurred.

A petition for a rehearing was denied December 23, 1950, and respondent's petition for a hearing by the Supreme Court was denied January 5, 1951.