[Crim. No. 4846.   Second Dist., Div. Three.   Apr. 3, 1953.]

In re JOSEPH F. CONROY, on Habeas Corpus.

Jack E. Grisham for Petitioner.

Edmund G. Brown, Attorney General, and William E. James, Deputy Attorney General, for Respondent.

SHINN, P. J.—A writ of habeas corpus was issued upon petition of Joseph F. Conroy, who was and now is confined as a prisoner in the Medical Facility at Terminal Island, by direction of the Adult Authority of the Department of Corrections. He was convicted in Los Angeles County of the crime of murder, in 1937, and was sentenced to life imprisonment.

It was alleged in the petition that on or about June 3, 1944, petitioner was released from the California Institute for Men at Chino, to enter the United States Army; his induction was refused until he could be completely free of all restraint from the California Adult Authority; he was by the Authority released from all restraint, and on June 11, 1944, enlisted in the United States Army; four months later he received an honorable discharge and remained at liberty until on or about April 28, 1950, when he was taken into custody and incarcerated in the institution for men as a parole violator. It was alleged that petitioner was never released on parole, was under no restraint by the Adult Authority, he always understood that he was not on parole and was under no duty to comply with any of the usual terms of parole, and that he never at any time violated any duty as a parolee. Respondent Marion R. King, superintendent of the Medical Facility at Terminal Island, San Pedro, made return to the writ, alleging that petitioner was given a special service parole pursuant to the provisions of section 3100 et seq. of the Penal Code, on or about June 9, 1944, and that petitioner, after his discharge from the Army, did not make this fact known to the California Bureau of Paroles, nor come within the jurisdiction thereof until May 4, 1950, and that he did not receive a pardon from the governor and was not granted a full discharge from parole; that on June 22, 1945, petitioner's special service parole was revoked and his return to prison ordered. The return listed eight alleged acts and omissions of petitioner as violations of the terms of his parole, and alleged that by reason thereof petitioner's parole was

duly revoked and petitioner was ordered returned and was returned to prison. A traverse to the return was filed by petitioner denying that he had received a special service parole and setting forth at length the details of his conduct and actions after his release, alleging that none of them constituted a violation of parole or the conditions under which he was released from custody.

The matter was referred to Honorable Jesse J. Frampton, Judge of the Superior Court, to take evidence and make findings: (a) As to whether Conroy was given a special service parole; (b) as to the nature of his release from confinement and his knowledge of the nature thereof; (c) as to any proceedings had as to revocation of parole; (d) as to whether Conroy was guilty of violation of parole; (e) as to the truth of the allegations of the traverse to the return. Hearings were had before the referee, oral and documentary evidence was taken and the referee has reported to this court a summary of the evidence and his findings thereon.

The referee found: (1) That petitioner was granted a special service parole; (2) that attached to the parole were certain conditions which are set forth at length in the findings; (3) that the conditions upon which petitioner might ultimately be released from parole on his honorable discharge from the armed forces were explained to him by members of the staff of the State Institution for Men at Chino, and also by a representative of the armed forces prior to petitioner's release, and that petitioner signed an original ticket of parole and at all times knew that he was, and remained, under the jurisdiction of the parole authority, except that actual supervision was suspended during the time he was in the armed forces and except as to all directives and requirements of the armed forces inconsistent with the terms and conditions of his parole; (4) parole was revoked on June 22, 1945, by the Adult Authority; (5) petitioner violated the terms and conditions of his parole in that he married in 1944 without the right to marry being restored to him after his discharge from the armed forces; he changed his places of employment and residence numerous times without having obtained permission; he failed to report to the state parole officer after his discharge from the armed forces; he violated the penal statutes of the State of Nevada or of the county or municipality thereof, and he again married in the year 1950 without such right being restored to him. Further findings were made with reference to the allegations of the traverse to the

return. These were as to evidentiary matters relied upon by petitioner in substantiation of his claim that he was not at any time subject to the conditions of a parole and that the only condition of his release was that he be inducted into or enlist in the armed forces. These findings in material respects are covered by the ultimate findings above mentioned.

Petitioner filed exceptions to the report of the referee and these were answered by the respondent, Dr. King. The exceptions question the sufficiency of the evidence to support the findings of the referee with respect to petitioner's having been released under a special service parole, and his knowledge of that fact and of the conditions of parole. The point was made that the order revoking parole did not state the cause or causes for the same, as required by section 3063 of the Penal Code. A review of the evidence taken at the hearings before the referee satisfies us that there was ample evidence to support the findings of the referee. The exceptions are therefore overruled.

On June 21, 1945, the supervising "State Parole Officer Interstate Parole Matters" reported to the Adult Authority for the Bureau of Paroles, that Conroy had never reported to or informed the Bureau of Paroles that he had been separated from military service; that a report had been received from the Federal Bureau of Investigation dated April 9, 1945, advising that Conroy had been arrested at Mineral Wells, Texas, for threatening to kill his wife, and was released from custody, and further that the chief of police at Mineral Wells, Texas, had advised the Bureau of Paroles that Conroy had been arrested on said charge and released, and that he was then working as a civilian driving a cab. Upon the following day, at a meeting of the Adult Authority at San Francisco, action was taken to revoke certain paroles, including the special service parole of Conroy. The minutes of the meeting recited that the chief state parole officer presented reports in writing in certain cases listed below, including the case of Conroy, and that: "These reports are now on file in the office of the executive secretary at the San Francisco office, charging violations of the terms and conditions of their paroles and recommending that the parole in each case be cancelled, suspended, and/or revoked." The minutes stated: "Due cause being shown by the Chief State Parole Officer, it is hereby ordered that the parole heretofore granted the above named and numbered prisoners be suspended, and/or revoked, upon the ground that the above

named parolees have violated the terms and conditions of their paroles, and more particularly set forth in the Chief State Parole Officer's charges, which are made a part of this order of revocation, as though fully set forth herein.'' On June 22, 1945, there was endorsed on the report of the supervising state parole officer, in the case of Conroy, the following: ''Special Service Parole revoked, return ordered. Approved, Allen Moore, Chief State Parole Officer.'' On May 29, 1950, the state parole officer reported to the Adult Authority eight separate alleged violations of parole ''supplementary to Adult Authority action June 22, 1945, suspending parole. Petitioner was presented with a copy of these charges. It does not appear in the record that the Adult Authority took additional action upon the supplementary report. A number of the charged violations were committed subsequent to the action taken by the Authority June 22, 1945.

We are of the opinion that there was substantial compliance with the requirement that the order of revocation state the cause therefor, as required by section 3063 of the Penal Code. One of the conditions of the parole was that Conroy should report at once to the state parole officer upon being discharged from the military service. Another was that he should not marry without restoration of civil rights by the Adult Authority. It is not questioned that he married after his discharge from the service. Another was that he should not drive or operate an automobile except with the written permission of the Bureau of Paroles. It appears from the report of the ''State Parole Officer Interstate Parole Matters'' that the terms of parole had been violated in each of these particulars. Although the minutes of the meeting of June 22, 1945, incorporate the grounds for revocation, set forth particularly in the report of the chief state parole officer on file in his office and made them a part of the order of revocation, the referee could properly presume that such report was based upon and incorporated the report of the supervising state parole officer, of interstate matters, which was before the Adult Authority at the June 22d meeting. Furthermore, the chief state parole officer, on August 20, 1945, applied for a requisition for the arrest and detention of Conroy, and therein alleged the failure of Conroy to report to the Bureau of Paroles the fact that he had been discharged from the Army. A warrant was issued

but was not executed for the reason that Conroy had left the State of Texas.

Section 3105 of the Penal Code provides: "Special Service paroles shall be conditional in nature and shall continue in force, unless sooner revoked, for a period of time equal to the maximum term of imprisonment theretofore fixed for the parolee." Under section 3106, a person holding a special service parole who receives an honorable discharge is eligible for a full pardon from the governor, or may petition the Authority granting the parole for full discharge, which the Authority may grant. No pardon or discharge was granted. Petitioner had no right to be at large except under his special service parole. His arguments based on the assumption that he was not paroled but was in some manner finally discharged from custody, are of no avail for the reason that it was established that he was released from custody under a special service parole. ■■■ The lapse of almost five years' time between the date of the revocation of the parole and the reimprisonment of petitioner did not entitle him to be released from custody. (See *People* v. *Dixon*, 387 Ill. 420 [56 N.E.2d 816].)

■■■ The writ is discharged and petitioner is remanded.

Wood (Parker), J., and Vallée, J., concurred.

A petition for a rehearing was denied April 14, 1953, and petitioner's application for a hearing by the Supreme Court was denied April 30, 1953.