[Civ. No. 28095. First Dist., Div. Three. July 17, 1970.]

LESTER J. POPE, as Superintendent, etc., Petitioner, v.
THE SUPERIOR COURT OF SOLANO COUNTY, Respondent;
DONALD E. MOZINGO, Real Party in Interest.

## COUNSEL

Thomas C. Lynch, Attorney General, Derald E. Granberg and Gloria F. DeHart, Deputy Attorneys General, for Petitioner.

No appearance for Respondent.

Paul Ligda, Public Defender, and William D. Hubbard, Jr., Deputy Public Defender, for Real Party in Interest.

Garry, Dreyfus, McTernan & Brotsky and Benjamin Dreyfus as Amici Curiae.

## OPINION

**DRAPER, P. J.**—This case requires definition of the scope of court review of proceedings of the Adult Authority resulting in revocation of parole.

Donald E. Mozingo, the real party in interest, pleaded guilty to second

degree robbery, and entered prison in 1965 under that conviction. He was paroled in 1968. Nine months later he was convicted of drunk driving, and his parole was suspended. At an Adult Authority hearing held July 29, 1969, he pleaded guilty to this charge, and his parole was revoked. He was again paroled November 25, 1969. On January 6, 1970, he notified his parole agent that he had been involved in a barroom brawl January 4. He was incarcerated January 8 for parole violation. Charges filed January 23 alleged that Mozingo violated his parole "by assaulting Herman Bowman with his fists, feet and a pool cue, causing him grievous bodily harm on or about 1-4-70." Copy of this charge was served upon him. Hearing before the Adult Authority was held March 13, and his parole was revoked. Before the revocation, on March 9, Mozingo applied to the Superior Court of Solano County for habeas corpus. The next day, that court ordered a return to be filed. ▮ By order of April 1, the court ordered an evidentiary hearing to be held before it April 20, and directed that Mozingo and all witnesses to the alleged assault be produced to testify. The public defender was appointed to represent Mozingo, and was authorized to subpoena witnesses. Upon application of petitioner Pope, we issued alternative writs of prohibition and mandate and stayed the scheduled hearing. The matter has been fully argued.

Real party in interest argues that the remedy by appeal is adequate, thus barring resort to extraordinary writs. But it is doubtful that the order below, which does not issue habeas corpus but merely directs an evidentiary hearing, is appealable. For the People to await the ultimate result in habeas corpus before appeal will require substantial time and expense in trial of the fact issues. The Solano County court may have determined that its calendar will permit of such use of its time. We note, however, that in at least two cases heard here at the same time as this one (Nos. 28197 and 28198) that court, by another judge, has ordered evidentiary hearings in the superior courts of other counties. We must be concerned with the problems of calendar congestion in those courts to which like hearings have been transferred without consultation or consent by them.

It is the practice of the Adult Authority, on suspension of parole, to order the parolee returned to Vacaville for hearing on revocation. Thus the vast majority of revocations occur in Solano County, and if the superior court there has an erroneous view of the applicable law, it should be corrected promptly, ere evidentiary hearings are ordered in counties throughout the state. In any event, we determined this question when we issued the alternative writs (*City & County of S.F.* v. *Superior Court*, 53 Cal.2d 236, 243 [1 Cal.Rptr. 158, 347 P.2d 294]; see 3 Witkin, Cal. Procedure (1954), pp. 2503-2504.)

■ Although prohibition is a jurisdictional writ, it will lie when jurisdiction in the fundamental sense exists, but the court threatens to act beyond the limitations imposed upon it. (*City & County of S.F.* v. *Superior Court, supra; Abelleira* v. *District Court of Appeal*, 17 Cal.2d 280, 288, 291 [109 P.2d 942, 132 A.L.R. 715].)

The power to parole prisoners is vested in the Adult Authority (Pen. Code, § 3040) which is authorized to establish and enforce rules and regulations under which prisoners may be paroled (Pen. Code, § 3052). "Prisoners on parole shall remain under the legal custody of the department and shall be subject at any time to be taken back within the inclosure of the prison" (Pen. Code, § 3056).

■ The authority has "full power to suspend, cancel or revoke any parole without notice, and to order returned to prison any prisoner upon parole" (Pen. Code, § 3060). This provision is valid and no due process requirement is violated by the absence of notice and hearing (*In re McLain*, 55 Cal.2d 78, 84-85 [9 Cal.Rptr. 824, 357 P.2d 1080]). Nor is the parolee entitled to be represented by counsel at the revocation hearing (*In re Schoengarth*, 66 Cal.2d 295, 304 [57 Cal.Rptr. 600, 425 P.2d 200]; see *Eason* v. *Dickson*, 390 F.2d 585, cert. den. 392 U.S. 914 [20 L.Ed.2d 1373, 88 S.Ct. 2076]). The authority's rules, however, require notice and hearing. ■ Under those rules, Mozingo was served well in advance with copy of the charge against him, and was fully heard.

■ The statute, however, does provide that "No parole shall be suspended or revoked without cause, which cause must be stated in the order suspending or revoking the parole" (Pen. Code, § 3063). ■ The order revoking Mozingo's parole clearly specifies the "cause" for its action, i.e., the assault upon Bowman.

■ In light of the statutory requirement, it seems obvious that some form of court review is available to determine whether "cause" was shown at the authority hearing. Habeas corpus, for which Mozingo applied to the trial court, "is a proper remedy to test the propriety of proceedings before the Adult Authority" (*In re Streeter*, 66 Cal.2d 47, 49 [56 Cal.Rptr. 824, 423 P.2d 976]). The form and nature of that review, however, is the problem before us. Should it, as held by the trial court, be a full-dress court trial, with examination of all witnesses to the event relied upon by the authority as "cause"? Or should it be a review of the material actually before the authority, consisting principally of the reports of the parole agent and the examination of the inmate petitioner? No California case squarely decides this issue.

■ "[P]roceedings of the Adult Authority are wholly administrative

in nature," and its determination is not a judicial act (*In re Schoengarth, supra,* 66 Cal.2d 295, 304). The Adult Authority is not limited to the same rules of evidence applicable in a judicial proceeding (see *In re Martinez,* 1 Cal.3d 641 [83 Cal.Rptr. 382, 463 P.2d 734]; *In re Brown,* 67 Cal.2d 339 [62 Cal.Rptr. 6, 431 P.2d 630]). ■ Even though a prisoner's term may not be refixed "upon mere caprice or for no reason," it cannot be said that an order made upon the parole officer's report and recommendation was without cause (*In re Smith,* 33 Cal.2d 797, 803 [205 P.2d 662]). It is only when the authority acts "without information, fraudulently or on mere personal caprice" in revoking parole that the remedy exists (see *Eason* v. *Dickson, supra,* 390 F.2d 585, 589, fn. 4). As was true of its predecessor, the state board of prison directors, the authority "is not required to proceed with the formality required of the courts." (*Matter of Application of Stanton,* 169 Cal. 607, 609 [147 P. 264].) ■ "The Adult Authority may properly, under its own procedures, determine whether defendant has engaged in conduct that constitutes cause for parole revocation" (*In re Brown, supra,* 67 Cal.2d 339, 342). "This kind of judgment is for the parole authorities, not for the courts" (*Williams* v. *Dunbar,* 377 F.2d 505, 506, cert. den. 389 U.S. 866 [19 L.Ed.2d 137, 88 S.Ct. 131]; see *In re Gomez,* 64 Cal.2d 591, 595 [51 Cal.Rptr. 97, 414 P.2d 33]).

■ "A disputable presumption supports the conclusion that the minute entry or the certfication of Adult Authority action correctly states the action taken by that body, including the fact that good cause existed for revocation of parole." (*People* v. *Dorado,* 62 Cal.2d 338, 360 [42 Cal.Rptr. 169, 398 P.2d 361]). Even when revocation must be set aside because based upon a conviction which has been reversed, the proper procedure is to remand the case to the Adult Authority for further inquiry, "under its own procedures" (*In re Brown, supra,* 67 Cal.2d 339, 342).

To require or permit a full-dress court trial upon every contested revocation of parole, or upon very many of them, would "incur a risk of danger to the public" (*In re Martinez, supra,* 1 Cal.3d 641, 650) and could well defeat the interests of inmates generally by limiting releases upon parole (*Williams* v. *Dunbar, supra,* 377 F.2d 505, 506).

■ We conclude that a court should not hold an "evidentiary hearing" (that magic phrase of the federal procedure) unless the record of the Adult Authority, including the parole agent's report and the summary of the hearing before an authority panel, discloses a distinct reason therefor.

We recognize that evidentiary hearings have been ordered in three cases. But in one of these (*In re Conroy,* 117 Cal.App.2d 194 [255 P.2d 102])

the sole issue was whether the inmate had been paroled, or had been fully discharged. Another (*In re O'Malley,* 101 Cal.App.2d 80 [224 P.2d 488]) apparently raised the question whether the parole had expired before the date of the act relied on as a violation. In the third case (*In re Gomez, supra,* 64 Cal.2d 591), petitioner had confessed to a prison correctional officer his commission of a crime while on parole. Apparently the Adult Authority record of its revocation hearing was incomplete or ambiguous. The Supreme Court appointed a referee to determine whether the confession was coerced, and if so, whether it was in fact relied upon as ground for revocation. *Gomez* does not purport to announce a rule that such hearings are generally permitted or required. Since it dealt with the sensitive issue of coercion, which aparently was not discussed in the authority's record of hearing, it seems apparent that some independent hearing was required. Thus each of these cases dealt with issues of law not determinable on the facts set forth in the authority record before the court. None supports the view that an evidentiary hearing may or must be held by a court to redetermine an issue of fact—here the commission of an act by the parolee—which has been determined upon an adequate record by the Adult Authority.

 The application for habeas corpus filed below fails to controvert the fact determinations upon which the authority based its revocation of parole. The application asserts that defendant has an "alcohol problem" and suffers from the effects of "a massive head injury from childhood accident." These effects are aggravated when he drinks and "memory lapses" result. His chief complaint is that his parole officer did not comply with applicant's request for "antabuse," a drug which he says would help him resist drinking. He says that his brother was "set upon in a bar, by a belligerent person, and petitioner tried to break it up." After reciting a parole agent's duty to help parolees, he again asserts denial of "antabuse" and alleges "in each case, the parole officer offered no help . . . other than to throw petitioner back in prison each time. This time, totally without cause or reason." This somewhat tangential denial contains no detail of the facts he relies upon (see *In re Swain,* 34 Cal.2d 300 [209 P.2d 793]), and might be disregarded as but conclusory (see *Williams* v. *Dunbar, supra,* 377 F.2d 505, 506). He filed two declarations after the return was served upon him. One denies flatly that he threatened any witness to the barroom melee or that he robbed the assault victim, Bowman. These denials refer, however, to assertions in a police report of the incident that the assault victim had lost his wallet, and that Mozingo and his brother had threatened witnesses, thus making prosecution for assault difficult. The only revocation charge was the assault upon Bowman. It asserted that Mozingo struck Bowman over the head with a pool cue so forcefully that the cue was broken into

five pieces, and that Mozingo struck Bowman with both fists and feet. The other declaration refers to "resentment, bitterness, and hatred for an authority that continuously chooses to imprison men for reasons that are not valid." The report of the revocation hearing (which the trial court did not wait to see) says that Mozingo "claims he was trying to stop a fight and got involved. . . . Blames association with brothers for all his problems. . . . Denies knowledge of victim's wallet missing." The board concluded "Subject denied charge, although admitted drinking and didn't know what he was doing. Finally admitted joining in fight to help brother." We do not dwell upon the admitted drinking, although total abstinence from alcohol was a condition of his parole, because drinking was not specfically charged in the recommendation for revocation. It is apparent, however, that Mozingo's court application in fact denied only the uncharged offense of robbery, and admitted involvement in the fight with Bowman. Nowhere does he give any detail of the alleged assault upon his brother, nor seek to explain the extreme force used by him. He conceded to the revocation panel that he didn't know what he was doing.

Even if Mozingo's application and declaration are deemed sufficient to raise a fact issue, the record before the authority refutes them, and sustains the revocation. Although exceptional issues may warrant the taking of evidence in court, as in the three cases cited above, such hearings should be most sparingly ordered. Normally, as here, the issue may be resolved by review of the record of the Adult Authority. If that record be insufficient or incomplete, the normal course would be to remand the case to the authority for further hearing and for amplification under its own procedures.

Mozingo's assertion of "massive brain damage," even if it amounted to a claim of insanity, would not preclude his return to prison "for the protection of society" (*In re Bennett,* 71 Cal.2d 117 [77 Cal.Rptr. 457, 454 P.2d 33]). It seems even clearer that voluntary intoxication, particularly when in violation of an express parole condition against any use of alcohol, is no bar to revocation.

Let peremptory writ of prohibition issue restraining respondent court from holding an "evidentiary hearing" in this matter. Peremptory writ of mandate shall issue directing the trial court to discharge the order to show cause, deny the application for habeas corpus, and dismiss the proceeding.

Brown (H. C.), J., and Caldecott, J., concurred.

On August 13, 1970, the opinion was modified to read as printed above. The petition of the real party in interest for a hearing by the Supreme Court was denied October 1, 1970. Peters, J., was of the opinion that the petition should be granted.