[Crim. No. 1469. Fifth Dist. June 28, 1973.]

In re EDWIN JOSEPH MONZO on Habeas Corpus.

**COUNSEL**

Evelle J. Younger, Attorney General, Edward A. Hinz, Jr., Chief Assistant Attorney General, Doris H. Maier, Assistant Attorney General, Brian Taugher and Nelson P. Kempsky, Deputy Attorneys General, for Appellant.

Richard J. Rosasco, under appointment by the Court of Appeal, for Respondent.

**OPINION**

**BROWN (G. A.), P. J.**—The People of the State of California have appealed from an order of the superior court which vacated an order of the Adult Authority denying Edwin Joseph Monzo's request for a review hearing before the Adult Authority board pursuant to resolution No. 283 of the Adult Authority and ordered that the Adult Authority "grant said Petitioner an immediate hearing at its next calendar for a review in accordance with Resolution No. 283 and that under all of the circumstances a review hearing be granted to Petitioner to consider this matter in the light of this opinion."

Monzo was released on parole on February 25, 1970. He did not sign a parole agreement. On March 10, 1972, a parole violation charge was

prepared, charging him with a violation of "Condition 7 of the Old Conditions of Parole, by having in his possession a firearm, to wit: a .25 caliber automatic pistol."

A notice of complaint dated April 6, 1972, alleging the same violation was served upon Monzo on April 7, 1972. A revocation hearing was held on May 17, 1972. He pleaded not guilty but was found guilty, and his parole was revoked.

Monzo applied for a review of the decision pursuant to Adult Authority resolution No. 283. A hearing was held without the petitioner being present on June 20, 1972, and on that date the request was denied.

■ The pivotal question for decision is whether the Adult Authority had the power to revoke Monzo's parole absent a signed parole agreement, and, if so, whether the ground stated in this instance was a sufficient basis for the exercise of that power. Both questions must be answered in the affirmative.

It is first to be noted that all events in the parole revocation process occurred prior to June 29, 1972, the effective date of *Morrissey* v. *Brewer* (1972) 408 U.S. 471 [33 L.Ed.2d 484, 92 S.Ct. 2593], which delineates minimum guidelines that must be followed after that date in parole revocation proceedings. The case, therefore, is governed by the law as it existed before *Morrissey*.

We have concluded that all parole violations are based upon the Adult Authority's general power to revoke paroles and that there is no legal requirement that there be a parole contract or that an express condition of a parole contract be violated. Penal Code sections 3053, 3060, 3063 and 5077[1] confer broad authority on the Adult Authority in this area.

---

[1]Penal Code section 3053 provides as follows: "The Adult Authority upon granting any parole to any prisoner may also impose on the parole such conditions as it may deem proper, and shall impose as a condition of the parole, that all or a portion of his credits earned, or to be earned, may be forfeited by order of the Adult Authority in the event that such prisoner shall break his parole or violate any law of this State or rule or regulation of the prison, or of the department, the director or the Adult Authority, or any of the conditions of his parole."

Penal Code section 3060 provides: "The Adult Authority shall have full power to suspend, cancel or revoke any parole without notice, and to order returned to prison any prisoner upon parole. The written order of any member of the Adult Authority shall be a sufficient warrant for any peace or prison officer to return to actual custody any conditionally released or paroled prisoner."

Penal Code section 3063 provides: "No parole shall be suspended or revoked without cause, which cause must be stated in the order suspending or revoking the parole."

Penal Code section 5077 provides: "The granting and revocation of parole and the

Further explaining the authority of the board, we quote from *In re Tucker* (1971) 5 Cal.3d 171, 176 [95 Cal.Rptr. 761, 486 P.2d 657], and *Pope v. Superior Court* (1970) 9 Cal.App.3d 636, 641 [88 Cal.Rptr. 483]: "However, the use of certain procedures and nomenclature common to a criminal trial does not alter the fundamental character of parole revocation hearings. As the Authority itself acknowledges, these procedures are 'not required by law' . . ., and revocation rests entirely in the discretion of the Adult Authority in carrying out its responsibility over parole matters. Under Penal Code section 3060, the Authority is given 'full power to suspend, cancel or revoke any parole without notice, and to order returned to prison any prisoner on parole.' The sole statutory restriction upon the power to revoke parole is section 3063, which provides that 'no parole shall be suspended or revoked without cause, which cause must be stated in the order suspending or revoking the parole.' " (5 Cal.3d at p. 176.)

" 'The Adult Authority may properly, under its own procedures, determine whether defendant has engaged in conduct that constitutes cause for parole revocation' [citation]. 'This kind of judgment is for the parole authorities, not for the courts' [citations]." (9 Cal.App.3d at p. 641.)

All that the statutes and the cases require is that there be good cause for revocation and that such good cause be found by the Adult Authority. The parole agreement is merely an internal administrative device used by the Adult Authority—but not required by statute—to advise parolees in writing what is expected of them on parole. Absent the statutory authority to revoke, however, the agreement itself would furnish no such ground.

We need not be concerned with notice since prior to *Morrissey* no notice of the parole violation charged against a parolee was required. (*In re Tucker, supra,* 5 Cal.3d at p. 176; *In re Gomez* (1966) 64 Cal.2d 591, 594 [51 Cal.Rptr. 97, 414 P.2d 33]; *In re McLain* (1960) 55 Cal. 2d 78, 84 [9 Cal.Rptr. 824, 357 P.2d 1080].) Moreover, Monzo was specifically informed that the violation was "having in his possession a firearm, to wit: a .25 caliber automatic pistol."

We conclude that the Adult Authority acted within the requirements of the law in revoking the parole of Monzo and in denying a review pursuant to resolution No. 283.

---

fixing of sentences shall be determined by the Adult Authority; provided, that the Adult Authority or one member thereof shall interview each prisoner at least once before the Adult Authority determines his sentence."

Having disposed of the matter on this ground, we do not reach the other issues raised, including the contention by the People that the court exceeded its authority in ordering review pursuant to resolution No. 283 inasmuch as that is a matter solely within the internal administrative discretion of the Adult Authority.

The judgment is reversed.

Gargano, J., and Franson, J., concurred.