Filed 2/5/21  P. v. Whitlock CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>CAMERON NEIL WHITLOCK,<br><br>    Defendant and Appellant. | A159526<br><br>(Mendocino County<br>Super. Ct. No. 10076) |

Cameron Neil Whitlock contends the trial court erred in declining to accept letters and statements from his family and friends for purposes of a post-conviction proceeding to preserve evidence relevant to a youth offender parole hearing.  (Pen. Code, § 3051; see *People v. Franklin* (2016) 63 Cal.4th 261, 284 (*Franklin*); *In re Cook* (2019) 7 Cal.5th 439, 451-453 (*Cook*).)[1]  The People agree that the trial court erred with respect to some of the evidence but also argue that two documents should be excluded.  We conclude the court should have admitted all of the documents and reverse.

---

[1] All references in this opinion to *Franklin*/*Cook* proceedings are to proceedings pursuant to *People v. Franklin, supra,* 63 Cal.4th 261, and *In re Cook, supra,* 7 Cal.5th 439.  Undesignated statutory references are to the Penal Code.

1

## BACKGROUND

### A.

Inmates who were 25 years of age or younger at the time they committed an offense may be eligible for parole in their 15th, 20th, or 25th year of imprisonment, depending on the sentence and other factors. (§ 3051, subd. (a)(1), (b)(1)-(3).) In considering a youth offender's suitability for parole under section 3051, the Board of Parole Hearings ("Board") "shall give great weight to the diminished culpability of juveniles as compared to adults, the hallmark features of youth, and any subsequent growth and increased maturity of the prisoner in accordance with relevant case law." (§ 4801, subd. (c).)

In *Franklin*, *supra*, 63 Cal.4th 261, and *Cook*, *supra*, 7 Cal.5th 439, our Supreme Court explained that youthful offenders may request a post-conviction proceeding in the trial court to create a record that the Board can later use at the parole hearing. The purpose of a *Franklin/Cook* proceeding in the trial court is to preserve evidence of the offender's youthful character and relevant circumstances at the time of the offense, while it is still available and fresh, given that the Board's parole hearing may not take place for decades. (*Franklin*, *supra*, 63 Cal.4th at pp. 283-284.) Although the court has discretion to conduct the proceeding efficiently by excluding evidence that is irrelevant or cumulative (*Cook*, *supra*, 7 Cal.5th at p. 459), the trial court's primary role is to assemble the record for the Board's later use, not to make factual findings or weigh the evidence's credibility. (*Id.* at p. 457.) The trial court must thereafter transmit the record to the Board. (*Id.* at pp. 453, 459.)

**B.**

In 1990, Whitlock was convicted of vehicle theft (Veh. Code, § 10851, subd. (a)), robbery (Pen. Code, § 211), and second-degree murder (*id.*, §§ 187, 190), having committed the offenses when he was 25 years old.

After Whitlock filed a pro se motion in the trial court requesting a *Franklin/Cook* proceeding in 2019, court-appointed counsel submitted a number of exhibits relevant to a youth offender parole hearing. The trial court admitted one exhibit but excluded others. Whitlock appeals from the court's decision to exclude four letters and statements by family members and friends contained in Exhibit 7 to his motion.

### DISCUSSION

**A.**

In a footnote, the People argue that Whitlock's appeal should be dismissed as moot because he was afforded a youth offender parole hearing during the pendency of this appeal. We disagree. A trial court may conduct a *Franklin/Cook* proceeding even if a parole hearing has already occurred. (*Cook, supra*, 7 Cal.5th at p. 458; see also *People v. Lipptrapp* (Jan. 11, 2021, No. G058891) __ Cal.App.5th ____, ____ [2021 Cal.App.LEXIS 25, *17] (*Lipptrapp*) [remanding with directions to trial court to conduct a *Franklin/Cook* proceeding, notwithstanding that appellant's "parole hearing presumably took place while this appeal was pending"].) Whitlock has informed the court that the documents at issue in this appeal were not part of the record before the Board. He is attempting to assemble a record that the Board can use in his next parole hearing. Accordingly, his appeal is not moot.

**B.**

Whitlock asserts that the trial court erred in excluding four documents providing information from family and friends. We agree.

3

**1.**

The documents at issue relate to the circumstances of Whitlock's upbringing and teenage years, including his and his family's struggles with homelessness and substance abuse prior to his offenses. The documents include two letters from Whitlock's sister and friends, as well as two reports signed by an investigator employed with the County of Mendocino Office of the Public Defender summarizing telephone conversations with Whitlock's father and a friend.

The trial court explained that it excluded the four documents because they "are more relevant to the youth offender parole board than they are . . . for Franklin purposes at this juncture" and because cross-examination would be necessary if Whitlock wished to submit statements from his family and friends.

**2.**

The People concede that the trial court should have admitted the two letters from Whitlock's sister and friends. We agree.

The trial court incorrectly excluded the statements on the ground that the witnesses could not be cross-examined. A *Franklin/Cook* proceeding does not have the rigorous pleading and proof requirements of a habeas hearing, nor does the trial court act as a factfinder. "Rather, it simply entails the receipt of evidence for the benefit of the Board." (*Cook, supra,* 7 Cal.5th at p. 457.) Section 3051, subdivision (f)(2) specifically provides that family members, friends, and others " 'may submit statements for review by the board.' " (*Franklin, supra,* 63 Cal.4th at p. 283; see also Cal. Code Regs., tit. 15, § 2445, subd. (c).) By contrast, if the defendant presents live testimony, the witness is subject to cross examination (*Franklin, supra,* 63 Cal.4th at p. 284), but the defendant is not required to present any particular form of

evidence.  (*Cook*, *supra*, 7 Cal.5th at p. 459.)  The People do not dispute that the two letters contained information relevant to a youth offender parole hearing.

The court's other reason for excluding the letters—that they are more relevant to the youth offender parole hearing—is backwards.  Because the letters are relevant to the Board's hearing, they should be admitted in the *Franklin/Cook* proceeding, not excluded.

**3.**

We disagree with the People that the investigator's summaries of telephone calls with Whitlock's father and friend should be excluded.

It may be true, as the People assert, that the investigator summaries raise hearsay and authentication concerns.  But those are considerations for the Board, not the trial court.  Again, the main purpose of a *Franklin/Cook* proceeding is to preserve evidence for future use by the Board.  (See *Cook*, *supra*, 7 Cal.5th at pp. 455, 457.)  The Board's hearings are informal.  (*In re Rosenkrantz* (2002) 29 Cal.4th 616, 654.)  Like many administrative agencies, the Board is not limited by strict evidentiary rules.  (*Pope v. Superior Court* (1970) 9 Cal.App.3d 636, 641.)  It will consider "[a]ll relevant, reliable information" related to the prisoner's suitability for parole.  (Cal. Code Regs., tit. 15, § 2281, subd. (b); see also *id.*, § 2249 ["A prisoner shall have the right to present relevant documents to the hearing panel."], *id.* § 2445, subd. (d) [Board must find youth offender suitable for parole unless youth factors are "outweighed by relevant and reliable evidence" of current, unreasonable public safety risk]; *id.* § 2445, subd. (a) [youth offender parole hearings subject to the requirements described in Title 15, Division 2, Chapter 3 of the California Code of Regulations].)  The Board may discount or refuse to consider the investigator's summaries if it deems them unreliable—perhaps

5

because of hearsay or authentication concerns—but that is for the Board to determine. It makes no sense for the trial court to exclude evidence that the Board may admit.

Finally, the People suggest that the summaries are improper because the investigator may have omitted information unfavorable to Whitlock. That is not a reason to exclude the summaries from the record. Whitlock is not obligated to submit unfavorable evidence. The prosecution is, of course, welcome to do so (see *Franklin*, *supra*, 63 Cal.4th at p. 284), and the Board will decide how much weight to give the evidence.

## DISPOSITION

The judgment is reversed in part and the case is remanded with instructions for the trial court to accept the documents contained in Exhibit 7 to Whitlock's *Franklin* motion and transmit them to the Board.

_____
BURNS, J.

We concur:

_____
NEEDHAM, ACTING P.J.

_____
SELIGMAN, J.*

A159526

_____

&ast; Judge of the Superior Court of Alameda County, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.