[Crim. No. 10696. In Bank. Sept. 18, 1967.]

In re JIMMIE LEE BROWN on Habeas Corpus.

Jimmie Lee Brown, in pro. per., and Martin Wolman, under appointment by the Supreme Court, for Petitioner.

Thomas C. Lynch, Attorney General, Albert W. Harris, Jr., Assistant Attorney General, and Gloria F. DeHart, Deputy Attorney General, for Respondent.

TOBRINER, J.—On October 4, 1962, a jury found defendant guilty of first degree robbery. (Pen. Code, §§ 211, 211a.) The court sentenced him to the term prescribed by law, and defendant appealed. The Court of Appeal affirmed the conviction (*People* v. *Brown* (1963) 222 Cal.App.2d 739 [35 Cal. Rptr. 582]), and on January 29, 1964, we denied a hearing. Petitioner then took a timely appeal to the United States Supreme Court. On April 26, 1965, that court dismissed the appeal for want of jurisdiction and, treating his papers as a petition for a writ of certiorari, denied the petition. (*Brown* v. *California,* 380 U.S. 521 [14 L.Ed.2d 266, 85 S.Ct. 1344].) Defendant brought this petition for a writ of habeas corpus alleging that his conviction was in violation of the rules in *Escobedo* v. *Illinois* (1964) 378 U.S. 478 [12 L.Ed.2d 977, 84 S.Ct. 1758], and *People* v. *Dorado* (1965) 62 Cal.2d 338 [42 Cal.Rptr. 169, 398 P.2d 361].

Two confessions which defendant gave the police contributed strongly to his conviction. At the time of each confession, defendant was under arrest and regarded as a prime suspect. Unquestionably, police interrogations designed to elicit incriminating statements prompted these confessions. Nevertheless, defendant was not accorded the preliminary protections required by *Escobedo* and *Dorado.* Defendant's conviction was not final at the date of decision of *Escobedo* because his case was still pending on direct appellate review. (*In re Shipp* (1967) 66 Cal.2d 721, 723-724 [59 Cal.Rptr. 97, 427 P.2d 761]; *People* v. *Rollins* (1967) 65 Cal.2d 681, 683 [56 Cal.Rptr. 293, 423 P.2d 221]; *In re Spencer* (1965) 63 Cal.2d 400, 404-406 [46 Cal.Rptr. 753, 406 P.2d 33]; *In re Lopez* (1965) 62 Cal.2d 368 [42 Cal.Rptr. 188, 398 P.2d 380].) The Attorney General therefore commendably concedes that the trial court committed reversible error in allowing the contents of those confessions to be brought to the

attention of the jury. (*People* v. *Spencer* (1967) 66 Cal.2d 158, 163 [57 Cal.Rptr. 163, 424 P.2d 715]; *People* v. *Schader* (1965) 62 Cal.2d 716, 728-731 [44 Cal.Rptr. 193, 401 P.2d 685]; *People* v. *Dorado, supra,* 62 Cal.2d 338, 356-357.)

The Attorney General argues, however, that defendant is not entitled to release from prison because he is still held under a valid conviction in 1955, also for first degree robbery. At the time petitioner allegedly committed the robbery that was the subject of his invalid trial, defendant was on parole from his earlier prison term. The Adult Authority had fixed his term at 10 years, to expire on April 5, 1965, and had released him on parole on October 5, 1960. After his conviction in 1962 and during the pendency of his appellate remedies, while the Adult Authority still could exercise jurisdiction over defendant because his term had not yet expired, the Adult Authority revoked his parole, refixed his term at maximum (life), and ordered him returned to the state prison. Two grounds provided the basis for this action. The first rested upon his commission of a robbery, as evidenced by his 1962 conviction, and the second involved his driving a motor vehicle without the knowledge or permission of his parole officer.

The Adult Authority cannot suspend or revoke parole without cause for doing so, and that cause must be stated in the order suspending or revoking parole. (Pen. Code, § 3063.) Because of its invalidity, the 1962 robbery conviction cannot constitute cause for parole revocation. (Cf. *In re Hall* (1965) 63 Cal.2d 115, 117 [45 Cal.Rptr. 133, 403 P.2d 389].) The revocation, however, as we have noted, also rested upon the second, less serious, charge. We do not know, of course, that the Adult Authority would have taken the same action regarding defendant if the only charge of misconduct against him had been that he had driven a car without permission. Because the Adult Authority based its action upon two grounds and the more substantial of these lacks validity, we must order that the authority reconsider its prior action.

We do not, however, accept defendant's contention that his term has now expired. When defendant was first charged with robbery, or after his conviction, the Adult Authority, in order to assure that delays in court proceedings would not deprive it of jurisdiction over defendant, had cause to suspend his parole and refix his term at maximum. Since an order for suspension of parole is preliminary in nature (*In re Hall, supra,* 63 Cal.2d at p. 117), a less formal

and full showing will suffice to sustain it than that required for the final revocation of parole. This distinction permits the Adult Authority to suspend parole on the basis of a belief that good cause exists and to take the parolee into custody pending ultimate disposition of the cause. (See *In re McLain* (1960) 55 Cal.2d 78, 85 [9 Cal.Rptr. 824, 357 P.2d 1080].) Defendant's term is therefore properly set at maximum; he is entitled, however, to reconsideration of his parole status.

 Our reversal of defendant's conviction does not foreclose further inquiry into the subject matter of that conviction by either the courts or the Adult Authority. The Adult Authority may properly, under its own procedures, determine whether defendant has engaged in conduct that constitutes cause for parole revocation.

The writ is granted. The judgment of the Superior Court of Los Angeles County in People v. Brown, No. 260571, is reversed and the Adult Authority is ordered to take appropriate action in accord with the views expressed herein.

Traynor, C. J., McComb, J., Peters, J., Burke, J., Sullivan, J., and Schauer, J.,* concurred.

Respondent's petition for a rehearing was denied October 18, 1967, and the opinion was modified to read as printed above. Schauer, J.,* sat in place of Mosk, J., who deemed himself disqualified.

*Retired Associate Justice of the Supreme Court sitting under assignment by the Chairman of the Judicial Council.