[Civ. No. 28197. First Dist., Div. Three. July 17, 1970.]

LESTER J. POPE, as Superintendent, etc., Petitioner, v.
THE SUPERIOR COURT OF SOLANO COUNTY, Respondent;
SAMUEL B. BEASLEY, Real Party in Interest.

## COUNSEL

Thomas C. Lynch, Attorney General, Derald E. Granberg and Gloria F. DeHart, Deputy Attorneys General, for Petitioner.

No appearance for Respondent.

Paul Ligda, Public Defender, William D. Hubbard, Jr., and Jon P. Siegel, Deputy Public Defenders, for Real Party in Interest.

Garry, Dreyfus, McTernan & Brotsky and Benjamin Dreyfus as Amici Curiae.

## OPINION

**DRAPER, P. J.**—Convicted on two counts of possession of narcotics for sale (Health & Saf. Code, § 11500.5) and one count of possession of narcotics (Health & Saf. Code, § 11500) Samuel B. Beasley commenced his prison term January 12, 1965. Paroled May 21, 1968, he was arrested by Riverside police May 19, 1969 on a charge of attempted murder. Report of parole agent and police reports show that two residents saw a man stabbing a woman in front of their home. They called police. The stabber fled in an identified vehicle which was located by police shortly thereafter, a few blocks from the scene of the stabbing. Beasley, the sole occupant of the car, was not immediately visible, but was found lying on the floorboard. A blood-stained knife was found in his pocket. Taken to the scene of the stabbing, he was identified by the victim and the two witnesses. He was arrested. On June 20, the charges were dismissed because the victim failed to appear at the preliminary examination. Beasley's parole was suspended. He was returned to prison at Vacaville and charged with violation of parole "by committing an act of violence against Mary Beasley, alias Mary Walker." At the hearing on revocation, he pleaded not guilty, stating that the woman's "boy friend had the knife." He was found guilty, and parole was revoked.

He applied to respondent court for habeas corpus. His application did not in any way deny the assault which was the basis of revocation. He argued only that he was denied due process because he did not have counsel or the

right to confront witnesses against him at the revocation hearing. Nonetheless, the court found that Beasley "has established a prima facie case that parole was revoked without cause." It ruled that the case "be transferred" to the Superior Court, Riverside County, "where the witnesses, if any, are, for an evidentiary hearing."

■ Beasley's assertion of his right to counsel at the revocation hearing is without merit (*In re Schoengarth,* 66 Cal.2d 295, 304 [57 Cal.Rptr. 600, 425 P.2d 200]). No federal due process question is raised by the authority's revision of its wholly tentative reduction of the maximum sentence (*In re McLain,* 55 Cal.2d 78, 85 [9 Cal.Rptr. 824, 357 P.2d 1080]). Hence the claimed right to confrontation also fails.

The trial court's attempted analogy to revocation of probation is unsound (*People* v. *Hernandez,* 229 Cal.App.2d 143, 150 [40 Cal.Rptr. 100]). Neither the probation cases nor the 1967 holding of the United States Supreme Court (*Mempa* v. *Rhay,* 389 U.S. 128 [19 L.Ed.2d 336, 88 S.Ct. 254]) can apply to parole revocation, which involves no judicial act, such as pronouncement of judgment (*In re Marks,* 71 Cal.2d 31, 46, fn. 4 [77 Cal.Rptr. 1, 453 P.2d 441]).

■ Under the rules announced today in *Pope* v. *Superior Court* (*Mozingo*) *ante,* p. 636 [88 Cal.Rptr. 483] we hold that the function of a court, in such a case, is to review the record upon which the Adult Authority revoked parole. Only if that record is wholly inadequate to sustain the action can it be deemed based upon mere caprice or no reason. Here that record shows ample support for the authority's action. The trial court apparently looked to the record only to find that Beasley had denied to the authority that he was guilty—a denial he notably failed to include in his application to the court. This in no way justifies a full-scale court hearing upon the facts (*Williams* v. *Dunbar,* 377 F.2d 505, 506).

■ Dismissal of the charge of attempted murder in Riverside County does not preclude review of the facts by the authority in a parole revocation proceeding (see *In re Martinez,* 1 Cal.3d 641 [83 Cal.Rptr. 382, 463 P.2d 734]; *In re Brown,* 67 Cal.2d 339 [62 Cal.Rptr. 6, 431 P.2d 630]; *In re Anderson,* 107 Cal.App.2d 670 [237 P.2d 720]).

■ Since no evidentiary hearing is required, the transfer of the case from the Superior Court of Solano County to that of Riverside County necessarily falls. ■ We note, too, that authority for such transfer is limited. While it is authorized in cases which require resentencing or review of the facts of a prior sentencing procedure (*In re Caffey,* 68 Cal.2d 762 [69 Cal.Rptr. 93, 441 P.2d 933]), the transfer power of a superior court is limited to such

situations (*In re Haro,* 71 Cal.2d 1021, 1025, fn. 1 [80 Cal.Rptr. 588, 458 P.2d 500]). To permit such transfers in all challenges to parole revocation would create intolerable confusion and friction among the superior courts of 57 counties. The practice of the Adult Authority is to hold the vast bulk of revocation hearings at Vacaville, in Solano County. Under the broad rule suggested by the lower court's action here, it would largely control the calendar congestion of other counties.

Let peremptory writ of prohibition issue restraining respondent from transferring this case to Riverside County. Peremptory writ of mandate shall issue directing respondent court to vacate its order of transfer, discharge its order to show cause and dismiss the proceeding.

Brown (H. C.), J., and Caldecott, J., concurred.

The petition of the real party in interest for a hearing by the Supreme Court was denied October 1, 1970. Peters, J., was of the opinion that the petition should be granted.