[Civ. No. 28198. First Dist., Div. Three. July 17, 1970.]

LESTER J. POPE, as Superintendent, etc., Petitioner, v.
THE SUPERIOR COURT OF SOLANO COUNTY, Respondent;
THOMAS EARL BUSH, Real Party in Interest.

650

## COUNSEL

Thomas C. Lynch, Attorney General, Derald E. Granberg and Gloria F. DeHart, Deputy Attorneys General, for Petitioner.

No appearance for Respondent.

Gary M. Meritt, under appointment by Court of Appeal, for Real Party in Interest.

## OPINION

**DRAPER, P. J.**—Convicted on two counts of sale of marijuana (Health & Saf. Code, § 11531) and one count of taking an automobile without consent of the owner (Veh. Code, § 10851), Thomas Earl Bush commenced serving concurrent prison terms December 24, 1963. He was paroled December 24, 1968. He was arrested by Los Angeles police July 9, 1969 and charged with possession of a concealable firearm (Pen. Code, § 12021). The action was dismissed by the superior court September 27, 1969. The parole agent's report (not contravened by Bush) states that the dismissal was because the search which produced the gun was illegal, and summarized the ruling as based upon a finding "that the informant whose information was used to gain entrance to the premises was unreliable and did not justify the police officer's entrance into that premises without a search warrant." On October 20, 1969, Bush was charged by his parole agent with violation of parole "by having under his control a firearm, to wit, a .32 caliber automatic pistol." Bush pleaded not guilty. The record recites that "By his own admission to the panel he did have control of the weapon. Found guilty on this basis." Parole was revoked. Bush then applied to the Superior Court, Solano County, for habeas corpus. His application did not deny control of the gun, but asserted only a lack of due process in that he did not have counsel or the right to confront witnesses or to subpoena witnesses at the revocation hearing. He also relied on dismissal of the court proceeding.

Nonetheless, the trial court found on the written record alone that Bush

had "established a prima facie case that parole was revoked without cause." It ordered the case "transferred" to the Superior Court, Los Angeles, "for an evidentiary hearing". The superintendent of the prison at Vacaville petitioned us for prohibition and mandate. We issued alternative writs, return has been filed and the case has been fully argued.

■ We have held in *Pope* v. *Superior Court (Mozingo) ante,* p. 636 [88 Cal.Rptr. 483] that an Adult Authority hearing on revocation does not require presence of counsel, confrontation of witnesses, or the right to subpoena witnesses, and that mere dismissal of a criminal charge does not preclude reliance upon its underlying facts as ground for revocation of parole.

Here there is the added element that the criminal proceeding was dismissed because the evidence was obtained by a somewhat technical violation of the rules limiting search and seizure. That this was not a bar to parole revocation was suggested in a decision preceding the trial court's order (*In re Brown,* 67 Cal.2d 339 [62 Cal.Rptr. 6, 431 P.2d 630]) and is squarely held in a recent case (*In re Martinez,* 1 Cal.3d 641 [83 Cal.Rptr. 382, 463 P.2d 734]).

■ The brief for Bush seeks to find some ambiguity in the phrase "control of the weapon," which was admitted to the panel. But this is the precise charge upon which revocation was asked. The statute (Pen. Code, § 12021) applies to one who "owns or has in his possession or under his custody or control" any concealable firearm. The record before the authority makes clear that the weapon was not recovered from the person of Bush. Rather, an officer had seen him place it in a drawer shortly before that officer entered the residence and found the weapon in the same drawer. The admission and the finding based upon it are clear and unambiguous.

The trial court's order purports to find some issue as to coercion of the admission made by Bush to the panel. But no claim of such coercion is even remotely suggested by Bush's application or by anything in the record. We do not deem it the function of a court to search the record for issues which are not raised or asserted and for unstated facts which might possibly be found to support further hearing. As pointed out in *Pope* v. *Superior Court (Mozingo) supra, ante,* p. 636 if such issues in fact exist and require further evidence, the normal course would be remand to the authority for further investigation under its own procedure.

■ Even if the record warranted an evidentiary hearing, the Solano County court was not authorized to direct the Los Angeles court to conduct

it, thus in effect reinstituting there the prosecution long since dismissed by it (see *Pope* v. *Superior Court* (*Beasley*) *ante,* p. 644 [88 Cal.Rptr. 488]).

Let peremptory writ of prohibition issue, restraining respondent court from transferring this case to Los Angeles County. Peremptory writ of mandate will issue, directing respondent court to vacate its order of transfer, discharge its order to show cause, and dismiss the proceeding.

Brown (H. C.), J., and Caldecott, J., concurred.