[No. F013444. Fifth Dist. Dec. 19, 1990.]

THE PEOPLE, Plaintiff and Respondent, v.
KIRK TRAMAIN HARRIS, Defendant and Appellant.

[Opinion certified for partial publication.*]

---

*Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of part II.

**COUNSEL**

Fern M. Laethem, State Public Defender, under appointment by the Court of Appeal, Ellen J. Eggers and Robert D. Bacon, Deputy State Public Defenders, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Richard B. Iglehart, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, Shirley A. Nelson, Wanda Hill Rouzan and Laura Heidt, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**STONE (W. A.), J.**—The issues in this appeal concern whether the trial court committed sentencing error following remand from this court for resentencing. Of first impression is the issue whether the court erred when it imposed an enhancement for service of a prior prison term (Pen. Code,

§ 667.5, subd. (b)), which appellant would not have served were it not for an unconstitutional conviction.

## The Case

In 1988 a jury convicted appellant of robbery. The trial court imposed the aggravated term of five years, with a five-year enhancement based upon a prior robbery conviction and a one-year enhancement for a prior prison term for grand theft. This court vacated the sentence and remanded for resentencing because in stating its reasons for imposing the aggravated term the trial court improperly relied upon a prior serious felony conviction (robbery/kidnap)[1] which it had stricken for the purpose of enhancement because appellant had received no assistance of counsel and no constitutional advisements at the time of his conviction.

On remand, the trial court again sentenced appellant to the aggravated term with a five-year enhancement for having previously been convicted of a serious felony (Pen. Code, § 667, subd. (a)), and a one-year enhancement for having previously served a prison term for a serious felony conviction (Pen. Code, § 667.5, subd. (b)).

## Discussion

## Part I

## Use of Prior Prison Term for Enhancement

The grand theft conviction, which served as the basis for the one-year prior prison term enhancement pursuant to Penal Code section 667.5, subdivision (b), occurred in 1979. Appellant has not challenged the legality of that conviction. Initially, appellant received a term of probation for the conviction. In 1980 appellant was convicted of robbery with the use of a firearm. Solely on the basis of this robbery conviction, the court revoked appellant's probation previously granted on the grand theft conviction and committed him to state prison. That prison term forms the basis of the prior prison term enhancement pursuant to Penal Code section 667.5, subdivision (b) which is at issue in this appeal.

In the present action the trial court found the 1980 conviction for robbery with a firearm unconstitutional because appellant was denied his right to counsel. Appellant moved to strike the enhancement because the prior

---

[1] Although the prior opinion and the parties refer to this conviction as a robbery/kidnap, our review of the record reflects it is a conviction for robbery with the use of a firearm.

prison term was imposed following a probation revocation hearing in which the basis of revocation was the unconstitutional conviction. The trial court denied appellant's motion, but instead stayed the enhancement, with the stay to become permanent upon completion of the principal term. ■ Appellant contends it was error not to strike the enhancement since the prison term would not have been served but for the unconstitutional conviction for robbery with the use of a firearm.

While the precise issue has never been addressed, several cases from our Supreme Court are instructive in reaching our conclusion that the enhancement based on the prior prison commitment must be stricken. First, *In re Woods* (1966) 64 Cal.2d 3 [48 Cal.Rptr. 689, 409 P.2d 913] holds that a prior conviction, constitutionally invalid because of the absence of counsel or a waiver, is subject to collateral attack in a subsequent proceeding when the prosecution seeks to use the prior conviction for sentencing purposes. *People* v. *Coffey* (1967) 67 Cal.2d 204 [60 Cal.Rptr. 457, 430 P.2d 15] holds that the unconstitutionality of a prior conviction, relied upon by the prosecution in an accusatory pleading, can be raised by a motion to strike made prior to trial. In so holding the court stated: "[T]o the extent that statutory machinery relating to penal status or severity of sanction is activated by the presence of prior convictions, it is imperative that the constitutional basis of such convictions be examined . . . ." (67 Cal.2d at pp. 214-215.)

*In re Dabney* (1969) 71 Cal.2d 1 [76 Cal.Rptr. 636, 452 P.2d 924] recognized that one of the objectives of the *"Woods-Coffey* rule" was to "protect[] the accused from suffering anew from the initial deprivation of his Sixth Amendment right." (71 Cal.2d at p. 9.) The court continued: "But the exclusion of invalid priors is also aimed at protecting the fairness of the second trial. The requirement of counsel established by *Gideon* v. *Wainwright* [1963] 372 U.S. 335, receives full retroactive effect because '[t]he basic purpose of a trial is the determination of truth, and it is self-evident that to deny a lawyer's help through the technical intricacies of a criminal trial . . . is to impede that purpose and to infect a criminal proceeding with the clear danger of convicting the innocent.' (*Tehan* v. *Shott* (1966) 382 U.S. 406, 416 [15 L.Ed.2d 453, 460, 86 S.Ct. 459].) To the extent that such an infected prior conviction contributes to a later conviction, the danger threatens that the second proceeding as well as the first, on which it relied, will produce the conviction of an innocent man." (71 Cal.2d at p. 9.)

Subsequently, *In re Rogers* (1980) 28 Cal.3d 429 [169 Cal.Rptr. 222, 619 P.2d 415] held that an unconstitutional prior conviction could not be relied

upon by the Board of Prison Terms in calculating the determinate sentence of a prisoner who had previously been sentenced to an indeterminate term. "The judicial determination that the priors were constitutionally invalid rendered those priors fundamentally unreliable as evidence that petitioner had committed the offenses of which he was convicted, and that determination must be binding at least with respect to the same criminal proceeding or related administrative proceedings." (28 Cal.3d at p. 436.)

By the same reasoning we conclude the constitutional infirmity that rendered invalid the proceedings which resulted in conviction also rendered invalid the proceedings which resulted in revocation of probation based upon the unconstitutional conviction. Appellant would not have served the prior prison term for grand theft were it not for the revocation of his probation based on the robbery conviction.

Respondent argues even assuming the 1980 conviction cannot be used, the "judgment underlying . . . that conviction," which resulted in the revocation of probation, "has not become a nullity." This argument, if accepted, would effectively circumscribe the *Woods* and *Coffey* holdings and limit the defendant to relief by way of a motion to vacate the judgment in the original proceeding or by writ of habeas corpus. The Supreme Court rejected such a restricted construction of the available relief in *People* v. *Sumstine* (1984) 36 Cal.3d 909 [206 Cal.Rptr. 707, 687 P.2d 904].

Respondent argues since this court recognized in its previous opinion that appellant was "factually guilty" of the robbery/firearm charges underlying the 1980 conviction, there is no causal connection between the unconstitutionality of the conviction and revocation of probation. The argument is without merit.

First, we note respondent takes the language from the previous opinion out of context. In rejecting appellant's claim that the fact he had suffered an unconstitutional prior conviction was a valid mitigating factor, the court noted he had never challenged the conviction and stated further: "*From what little appears in the present record* about the underlying robbery . . . [appellant] was factually guilty, and he would have been convicted at any retrial even if he had succeeded in overturning the first judgment." (Italics added.)

But more basically, respondent argues regardless of the fact that appellant was convicted without the assistance of counsel or waiver of that right, the conviction can be used to revoke probation because he was guilty of the

offense charged. Whether appellant was or was not guilty of the underlying offense is irrelevant in determining whether the unconstitutional conviction can be the basis from which additional penal sanctions flow. (*People* v. *Coffey, supra,* 67 Cal.2d at pp. 214-215.)

Our conclusion that appellant's probation could not legally have been based upon an unconstitutional conviction would be different had revocation occurred after a full evidentiary hearing during which he had the assistance of counsel. Under those facts we would agree there would be no causal connection between the constitutionally defective proceedings of the prior conviction and the service of the prison term. However, the record here reflects the court revoked probation "due to his conviction" for robbery with the use of a firearm, not due to the facts constituting the robbery charge.

## Part II

### Basis for Aggravated Term*

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

### Disposition

We modify the judgment to delete the one-year enhancement imposed pursuant to Penal Code section 667.5, subdivision (b). As so modified, we affirm the judgment and direct the trial court to prepare a modified abstract of judgment and forward it to the Department of Corrections.

Martin, Acting P. J., and Thaxter, J., concurred.

---

*See footnote, *ante,* page 492.