[No. B084355. Second Dist., Div. Three. Dec. 26, 1995.]

THE PEOPLE, Plaintiff and Respondent, v.
DENNIS RAY HOWIE, Defendant and Appellant.

**[Opinion certified for partial publication.†]**

---

†Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of parts IV A., B., D., and E.

730

## COUNSEL

Barbara Michel, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Carol Wendelin Pollack, Assistant Attorney General, Susan D. Martynec and Juliet H. Swoboda, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

KITCHING, J.—

## I

### INTRODUCTION

This is the second time Dennis Ray Howie (Howie) has appeared before this court. The first time he requested we prevent the relitigation of the constitutional validity of a prior conviction, and we did. This time he

requests we enforce the appellate court's prior ruling, and we will. In this case, we decide the trial court is estopped from using a constitutionally invalid prior felony conviction to enhance a prison term.

Defendant and appellant Howie appeals the judgment entered following his conviction by jury of one count of second degree robbery (count 1, Pen. Code, § 211), one count of second degree commercial burglary (count 2, Pen. Code, § 459), one count of assault with a deadly weapon or by means of force likely to cause great bodily injury (count 3, Pen. Code, § 245, subd. (a)(1)), and one count of assault (count 4, Pen. Code, § 240). There was a finding by the jury of three prior serious felony convictions (Pen. Code, § 667, subd. (a)).[1]

Howie was sentenced to six years and six months on the substantive counts, and a consecutive fifteen-year term on the three prior convictions, for a total of twenty-one years and six months.

On appeal, Howie challenges the trial court's failure to (1) appoint advisory counsel, (2) properly instruct the jury, (3) grant his motion to strike a prior 1973 robbery conviction, and (4) accurately calculate the terms of his sentence. We conclude, for reasons explained below, the trial court neither abused its discretion by denying Howie's request for appointment of advisory counsel, nor committed any instructional or sentencing errors. However, we find the doctrine of collateral estoppel and our Supreme Court decision in *In re Rogers* (1980) 28 Cal.3d 429 [169 Cal.Rptr. 222, 619 P.2d 415] precluded the trial court from using a constitutionally invalid 1973 robbery conviction to enhance Howie's sentence. The judgment will be modified to strike the five-year prior conviction enhancement, and as modified is affirmed.

## II

### FACTUAL AND PROCEDURAL BACKGROUND

The evidence, viewed in accordance with the usual rules governing appellate review, established that at approximately 1 p.m. on March 13, 1993, Cherrie Horowitz (Horowitz) was working the service desk at the Kmart store on South Orange Street in West Covina when Howie, wearing a stocking cap, gorilla mask and latex gloves, jumped stomach-first onto the counter, pushed Horowitz out of the way, and reached for the cash drawer key. Howie opened the drawer, took approximately $1,000, and ran out of the store. Horowitz immediately announced an "open line" on the loud speaker, which was a code alerting employees of a theft.

---

[1] Unless otherwise indicated, all subsequent statutory references are to the Penal Code.

Kmart employee Enrique De La Cruz (De La Cruz) chased Howie as he ran towards the parking lot with a bag spilling money. When Howie slipped and fell, De La Cruz jumped on his back and told him to stay down. Howie refused and began to struggle. He elbowed De La Cruz and hit him twice in the face in an attempt to get the Kmart employee off his back. De La Cruz hit Howie three or four times in an unsuccessful attempt to overpower him. Howie continued to struggle. Kmart employee Steve DeFehr (DeFehr) assisted De La Cruz by getting on top of Howie and trying to restrain him. Howie bit DeFehr on the leg. After Howie was subdued, the employees brought him, along with the mask, gloves, and money, into the store and Horowitz identified Howie as the assailant. Security called the police and Howie was arrested.

After trial, the jury returned guilty verdicts on second degree robbery (count 1), second degree commercial burglary (count 2), assault with a deadly weapon or by means of force likely to produce great bodily injury (count 3), and assault (count 4).[2] In a bifurcated proceeding, the jury found Howie had suffered three prior serious felony convictions. Howie was sentenced to state prison for a term of 21 years, 6 months.

Howie filed a timely notice of appeal.

### III

### CONTENTIONS

Howie contends the trial court:

(1) abused its discretion by denying and then failing to act on his requests for advisory counsel;

(2) committed instructional error;

(3) erred in denying his motion to strike a prior 1973 robbery conviction; and

(4) committed sentencing error.

---

[2]On count 4, the jury found Howie not guilty of the charged allegation of assault with a deadly weapon or by means of force likely to produce great bodily injury, but guilty of the lesser included charge of assault.

IV

DISCUSSION

A., B.*

. . . . . . . . . . . . . . . . . . . . . . .

C. *1973 Prior Conviction*

 Howie contends the trial court was collaterally estopped from sentencing him to a consecutive five-year prior serious felony enhancement for his 1973 robbery conviction because the prior had been previously declared unconstitutional. We agree.

In April 1973, Howie pleaded guilty to a charge of first degree robbery and entered into a plea agreement. (People v. Howie (Super. Ct. L.A. County, No. A515856)). Subsequently, a 1979 information filed in San Mateo County charged, in addition to specific substantive charges, the 1973 robbery conviction as a prior felony conviction (People v. Howie (Super. Ct. San Mateo County, 1979, No. C8737)). Howie filed a pretrial motion to strike the prior conviction, pursuant to *People v. Coffey* (1967) 67 Cal.2d 204, 214-217 [60 Cal.Rptr. 457, 430 P.2d 15], and challenged its constitutional validity because of the trial court's failure to advise him of his *Boykin-Tahl* rights. The record reflects prior to the entry of his 1973 plea, Howie received less than constitutionally adequate advisements, as the trial court failed to inform him of his right to a jury trial, to confront witnesses, and of his right against self-incrimination. (*Boykin* v. *Alabama* (1969) 395 U.S. 238 [23 L.Ed.2d 274, 89 S.Ct. 1709]; *In re Tahl* (1969) 1 Cal.3d 122, 132 [81 Cal.Rptr. 577, 460 P.2d 449]; *People* v. *Sumstine* (1984) 36 Cal.3d 909 [206 Cal.Rptr. 707, 687 P.2d 904].) The court granted his *Coffey* motion and stated: "The allegation of prior felony conviction of 4/2/73 in Los Angeles County is stricken on constitutional grounds." There is no evidence in the record the People appealed the ruling of the San Mateo court, and respondent has not shown otherwise.

Three years later, during a 1982 trial on an unrelated criminal proceeding, Howie advised the court of the San Mateo Superior Court order striking the 1973 prior as unconstitutional. However, the court permitted the People to relitigate the issue of the constitutionality of the prior (People v. Howie (Super. Ct. L.A. County, No. A525897)). Howie appealed his conviction (Second District Crim. No. 41210). In a published opinion, Division One of

*See footnote, *ante*, page 729.

this district determined the People were prohibited on grounds of collateral estoppel from relitigating the constitutional validity of the 1973 prior.[7]

In our case, the information also charged as a prior the same 1973 robbery conviction. Howie filed a pretrial motion to strike the prior on grounds of collateral estoppel. The court denied the motion without comment. Howie's renewed motions to exclude and strike the prior were also denied. The jury, in a bifurcated proceeding, found the 1973 prior conviction (as well as the two other prior convictions) to be true. The 1973 prior conviction enhanced his sentence by five years.[8]

We determine the doctrine of collateral estoppel and our Supreme Court decision in *In re Rogers*, *supra*, 28 Cal.3d 429 precluded the trial court from using the constitutionally invalid 1973 robbery conviction to enhance Howie's sentence. We cannot agree with the People's position that Howie was *again* required to allege prejudice and make a prima facie showing of infringement of his constitutional rights, as required by *Coffey*, in order to attack the validity of the prior. He successfully did that 16 years ago and is not required to continually attempt to secure the identical relief he previously achieved in a prior action. (*In re Rogers*, *supra*, 28 Cal.3d at p. 437.)

■ "The case law in California is clear that an individual may challenge the constitutional validity of a prior conviction whenever it is used as a basis for augmenting punishment. [Citations.] A motion to strike a prior conviction allegation from an accusatory pleading is a proper vehicle for attacking such a conviction if the presence of the prior will activate the 'statutory machinery relating to penal status or severity of sanction . . .' in a subsequent criminal proceeding. [Citation.]" (28 Cal.3d at pp. 433-434.) Our Supreme Court stated "[t]his type of collateral attack does not serve to vacate or otherwise extinguish a judgment of conviction, or relieve a defendant from the sentence imposed for the underlying conviction, but rather, if successful, prevents its use by the prosecution in a subsequent proceeding to enhance the punishment for a current offense." (*People* v. *Horton* (1995) 11 Cal.4th 1068, 1126 [47 Cal.Rptr.2d 516, 906 P.2d 478]. In *People* v. *Coffey*, *supra*, our Supreme Court previously "forbade the use of unconstitutionally obtained prior convictions '*for any purposes in criminal proceedings*.' [Citation.]" (*In re Rogers*, *supra*, 28 Cal.3d at p. 434.)

■ Collateral estoppel is " 'a rule of fundamental and substantial justice, . . . which should be cordially regarded and enforced by the courts

---

[7]The appellate court decision, *People* v. *Howie*█ (Cal.App.) was later depublished.

[8]The jury found as true two additional priors which enhanced Howie's sentence by an additional ten years. These priors are not at issue in this appeal.

. . . .' " (*Federated Department Stores, Inc.* v. *Moitie* (1981) 452 U.S. 394, 401 [69 L.Ed.2d 103, 111, 101 S.Ct. 2424].) The bar of collateral estoppel prevents relitigation of an issue actually and necessarily decided in a previous civil or criminal action. (*People* v. *Taylor* (1974) 12 Cal.3d 686, 691 [117 Cal.Rptr. 70, 527 P.2d 622]; *Teitelbaum Furs, Inc.* v. *Dominion Ins. Co., Ltd.* (1962) 58 Cal.2d 601, 604 [25 Cal.Rptr. 559, 375 P.2d 439].) The principles of res judicata and collateral estoppel provide " 'that a final judgment on the merits bars the parties or those in privity with them from litigating the same cause of action in a subsequent proceeding and collaterally estops parties or those in privity with them from litigating in a subsequent proceeding on a different cause of action any issue actually litigated and determined in the former proceeding. [Citations.] The application of the doctrine in a given case depends upon an affirmative answer to three questions: (1) Was the issue decided in the prior adjudication identical with the one presented in the action in question? (2) Was there a final judgment on the merits? (3) Was the party against whom the plea is asserted a party or in privity with a party to the prior adjudication? [Citations.]' [Citation.]" (*White Motor Corp.* v. *Teresinski* (1989) 214 Cal.App.3d 754, 761 [263 Cal.Rptr. 26]; see also *People* v. *Taylor* (1974) 12 Cal.3d 686, 691 [117 Cal.Rptr. 70, 527 P.2d 622].) The final determination on the merits can be a judgment, a motion, or an order that determines a substantial matter of right on issues of law or fact. (*Sunkler* v. *McKenzie* (1900) 127 Cal. 554, 556 [59 P. 982]; *Anderson* v. *Great Republic L. Ins. Co.* (1940) 41 Cal.App.2d 181, 196 [106 P.2d 75].)

The San Mateo County Superior Court order striking Howie's prior conviction as unconstitutional determined a matter of substantial right on an issue of law, and the People were a party to that proceeding. It was a determination based on the merits. The People did not challenge the trial court's ruling on appeal. The ruling was final. Subsequently, the appellate court prohibited the People from relitigating the validity of the prior conviction. The People are bound by these determinations.

In *In re Rogers, supra*, 28 Cal.3d 429, 434 our Supreme Court acknowledged that "[s]ubsequent cases . . . recognized that a court determination that a prior is constitutionally invalid is res judicata as to any related administrative proceedings which seek to impose additional sanctions based on the invalid prior," and determined the Board of Prison Terms could not use a constitutionally defective prior conviction to enhance a prisoner's determinate sentence. (*Id.* at p. 436.) The court reasoned "[t]he judicial determination that the priors were constitutionally invalid rendered those priors fundamentally unreliable as evidence that petitioner had committed the offenses of which he was convicted, and that determination must be binding *at least* with respect to the same criminal proceeding or related

administrative proceedings. [¶] By using the invalid prior convictions to enhance [the prisoner's] determinate term by three years, the Board foreclosed the possibility that he might be considered for an earlier release date. This was not permissible." (*Id.* at p. 436, italics added.)

We do not read *Rogers* so narrowly as to limit the applicability of its holding solely to administrative proceedings. *Rogers* was based on the need for reliable evidence in determining the applicability and appropriateness of a sanction, to wit, a sentence. Its reasoning applies to our case. In a criminal proceeding, the court or the jury must also consider the reliability of evidence to determine the truth of the conviction. A defendant can face adverse consequences from the use of a prior conviction. A prior conviction can lengthen a prison sentence, increase the amount of a fine, or elevate the status of a crime. (See *People* v. *Horton, supra,* 11 Cal.4th at pp. 1139-1140.) Therefore, a court determination that a prior felony conviction is constitutionally invalid collaterally estops any subsequent court proceeding that seeks to impose a sentence based on the invalid prior.

Accordingly, we find that the trial court erred in denying Howie's motion to strike and was estopped from using the invalid prior to enhance his sentence. The five-year enhancement for the 1973 prior conviction will be stricken and the judgment corrected to accurately reflect Howie's sentence.

D., E.*

. . . . . . . . . . . . . . . . . . . . . . . .

V

DISPOSITION

The judgment is modified to strike the five-year enhancement for the 1973 robbery conviction, and as so modified, is affirmed.

Klein, P. J., and Aldrich, J., concurred.

---

*See footnote, *ante,* page 729.