Filed 10/7/24  P. v. Waltz CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>WILLIAM LEROY WALTZ,<br><br>Defendant and Appellant. | F087518<br><br>(Super. Ct. No. MCR067568)<br><br><br>**OPINION** |

-

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Madera County.  Sosi Chitakian Vogt, Judge.

Sylvia W. Beckham, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]      Before Levy, Acting P. J., Snauffer, J. and De Santos, J.

## INTRODUCTION

In 2021, a jury convicted William Leroy Waltz of seven counts of arson to forest land in violation of Penal Code section 451, subdivision (c).[1] For all seven counts, the jury found true that appellant committed these crimes when a state of emergency existed (§ 454, subd. (a)(2)). The trial court sentenced appellant to prison for 23 years, which included an upper term in count 1, along with consecutive subordinate sentences (one-third the middle term) in the remaining six counts.

In 2023, this court issued an unpublished opinion in which we affirmed appellant's convictions. However, due to retroactive changes in the law, we vacated appellant's sentence and remanded for resentencing consistent with Senate Bill No. 567 (Stats. 2021, ch. 731, § 1.3.)[2] (*People v. Waltz* (Apr. 5, 2023, F083591).)

In January 2024, the trial court resentenced appellant in conformity with the remittitur. Instead of an aggravated term, the court imposed in count 1 the middle term of seven years. For each of the remaining six counts, the court again imposed consecutive subordinate sentences of two years four months (one-third the middle term). Appellant received a total prison sentence of 21 years.

Following his resentencing, appellant appealed. His counsel has filed a *Wende*[3] brief in this court. After reviewing the entire record, we affirm.

---

[1]    All future statutory references are to the Penal Code unless otherwise noted.

[2]    Under this change in law, a trial court may impose an upper term sentence only when there are circumstances in aggravation that justify it, and the facts underlying those circumstances have been stipulated to by the defendant, or have been found true beyond a reasonable doubt by the finder of fact. (§ 1170, subd. (b)(2).)

[3]    *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).

**BACKGROUND**

**I.      A Summary of Appellant's Crimes.**

The facts supporting appellant's judgment are detailed in our prior opinion.  In general, on August 30, 2020, appellant started fires on private pasture land located in Madera County.  The area in question was just under 10,000 acres used for cattle and horses.  This land was fenced off and closed to the public.  Appellant did not have permission to be on this real property.

On the morning in question, appellant started seven different fires.  These fires generally occurred over rough terrain, and all seven fires burned "grassland."[4]  Some of the fires were over a mile apart from each other, while others were around a half a mile apart.  Two of the fires were only about 36 feet apart.  Over 100 CAL FIRE personnel responded to suppress these seven fires, and nearly 700 acres were burned.  (*People v. Waltz*, *supra*, F083591.)

**II.      Appellant's Current Concerns.**

The present *Wende* brief raises no arguable issues.  Appellant's counsel asks us to independently review the entire record.

Following receipt of the *Wende* brief, this court notified appellant via a letter dated July 8, 2024, that he had the right to file a supplemental brief or letter in this court raising any issues he wished considered.  Appellant was notified that, if we did not hear from him within 30 days, we would assume that he had nothing further to add.

On September 3, 2024, this court received a letter from appellant, which set forth certain issues.  Appellant's letter is dated August 2, 2024.  Appellant's letter was deemed electronically filed in this court on September 4, 2024.

---

**4**      Under the Penal Code, "grasslands" is included in the definition of "forest land" for purposes of arson.  (§ 450, subd. (b).)

Accompanying the August 2, 2024, letter is a second letter from appellant dated August 14, 2024. In his August 14 letter, appellant apologizes to this court for the delay in submitting his supplemental brief.

In his supplemental correspondence to us, appellant contends that the prosecution presented no evidence at his trial to establish his criminal intent to commit arson. According to appellant, he started the fires to obtain help because he was terrified for his life. Appellant also asserts that the prosecution presented no evidence that a total of 700 acres were burned. Instead, appellant maintains that only 185 acres were actually burned, and a farmer lost 50 acres "of wild dead vegetation." To support at least some of his assertions, appellant has submitted portions of a document that appear to be excerpts from a CAL FIRE incident report.

## **DISCUSSION**

Appellant's concerns in his supplemental letter do not call into question the validity of his judgment. Because it is outside the trial record, we will not consider the hearsay document that appellant submitted. (See *Haworth v. Superior Court* (2010) 50 Cal.4th 372, 379, fn. 2 [absent exceptional circumstances, a reviewing court will generally not take judicial notice of evidence not presented to the trial court]; *In re Rogers* (1980) 28 Cal.3d 429, 437, fn. 6 [a reviewing court only considers matters contained in the trial record].)

Our prior opinion in this matter affirmed appellant's seven arson convictions, but the matter was remanded to address a retractive change in the sentencing law. (*People v. Waltz, supra*, F083591.) In his prior appeal, appellant did not challenge the sufficiency of the evidence. Accordingly, we will not now entertain his current assertion that the prosecution failed to establish his criminal intent. This issue is forfeited. (See *People v. Senior* (1995) 33 Cal.App.4th 531, 538; *People v. Coelho* (2001) 89 Cal.App.4th 861, 873–874, fn. 5.)

4.

Pursuant to *Wende* and *People v. Kelly* (2006) 40 Cal.4th 106 (*Kelly*), we have reviewed the entire record. Consistent with our Supreme Court's direction in *Kelly*, we have provided a brief description of the relevant facts and the procedural history of this case. We have summarized the crimes of which appellant was convicted, and the punishment imposed. (*Kelly*, *supra*, 40 Cal.4th at p. 110.)

For appellant's seven arson convictions, the trial court imposed a prison sentence authorized under the Penal Code. (§§ 451, subd. (c), 454, subd. (b).) The court had discretion to impose consecutive sentences. (§ 669, subd. (a).) After reviewing the entire record, we affirm appellant's judgment. There are no arguable issues that would result in a disposition more favorable to him.

## <u>DISPOSITION</u>

The judgment is affirmed.